MARY A. FULLER, ET AL., APPELLANTS, VS. EMORY H. CASON, APPELLEE.

1. Ordinarily where the equities of the bill are denied by answer a preliminary injunction will be refused, or if granted on bill will be dissolved; but the rule is not inflexible, there being an exception in cases of irreparable mischief, and the granting or continuing of injunctions always resting in the sound discretion of the Court, to be governed by the nature of the case. And the rule is modified in this State by the statute which authorizes either party to introduce evidence in support or denial of the bill or answer before the injunction shall be dissolved.

2. An affidavit of the complainant which only affirms in general terms the truth of the statements of the bill, and some of it denying the negative statements of the answer, while other portions deny statements not responsive to the bill, is not sufficient evidence under the statute to overcome the denials in an answer of the allegations which constitute the equities of the bill.

3. Where the bill shows no irreparable mischief through the insolvency of the responsible party, and the answer denies the equities of the bill, and the evidence under the statute does not overcome the answer, a summary injunction should not be granted.

4. The power of this Court, where on the granting of an injunction no bond was required, and no affidavit made of inability to give bond, to remand the case with directions to dissolve the

injunction unless the complainant give bond, instead of re-
manding it unqualifiedly for a dissolution of the injunction,
will not be exercised where it appears, irrespective of the ab-
sence of a bond, that the injunction should not have been
granted.

Appeal from the Circuit Court for Franklin County.

The facts of the case are stated in the opinion.

*John W. Malone*, for Appellants.

*Liddon & Carter*, for Appellee.

MAXWELL, J.: In this case, which is a suit of appellee
against appellants, an injunction was granted upon bill, an-
swer and affidavit of complainant. The defendants appealed,
and assign in this Court that the Court below erred in
granting the injunction, because, 1st, the answers of defend-
ants fully deny all the circumstances upon which the equity
in the bill was founded; 2d, no injunction bond was re-
quired of complainant.

The material allegations of the bill are, in substance, that
one of the defendants, Mary A. Fuller, was indebted to
complainant, Cason, for professional services, as attorney,
in procuring the establishment of a nuncupative will of
Sarah C. Humphreys, by the terms of which said M. A.
Fuller became the sole legatee of certain property, includ-
ing six or eight hundred head of cattle, and in other litiga-
tion concerning the estate of said Humphreys, which led
finally to the removal of the administrator of said estate,
and the appointment of another; that said M. A. Fuller
failing or refusing to pay, complainant, on the 16th of De-
cember, 1887, obtained a judgment against her in the Cir-
cuit Court of Franklin county, for $365 ; that the Clerk re-
fused the demand of the complainant for the issue of execu-
tion on the judgment ten days after the adjournment of the

court, and did not issue it till January 20, 1888 ; that the defendant, Patton, was acting as the agent of M. A. Fuller in the establishment of the will, and in defending complainant's action for fees, and was fully cognizant of the matters above charged, but notwithstanding this, on the 5th of January, 1888, pretended to purchase from said Fuller her entire stock of cattle for the pretended consideration of $3,000; that complainant is informed and believes that there was no adequate, full and valuable consideration for the transfer, that it was made by said Fuller and accepted by Patton with full knowledge thereof for the purpose of delaying, defrauding and hindering complainant in the collection of his said judgment, and that Patton was fully cognizant of this; that the pretended consideration for the sale, as shown by the bill of sale, was that said Patton was to pay the debts of the said Humphreys, and the balance to be paid to the said Fuller, making in the aggregate $3,000, and complainant avers that said debts were small, and there was administration on the estate, and complainant is informed and believes that said Patton has not paid said debts, and that the bill of sale was not intended to take effect till this was done ; that on the same day of the pretended sale, Patton, in consideration that said Fuller would credit him one thousand dollars on the pretended amount he was to pay, executed a bill of sale to defendant, F. Fuller, son of said M. A. Fuller, for one-third of the cattle, and complainant charges that this was not a *bona fide* purchase by said Fuller, and that the transaction was intended by the three parties to hinder, delay and defraud complainant in the collection of his judgment.

The bill further alleges that afterwards, execution having been issued on complainant's judgment, and become a lien upon said property, so pretended to have been purchased

by Patton, viz: March 31, 1888, said Patton executed to defendant, W. H. Neel, a mortgage on all his interest in the cattle, but complainant charges that said Neel had at that time full knowledge of the foregoing facts, and was not a purchaser without notice; and that said Neel recently pretends that he has purchased the interest of F. Fuller in the cattle, but if he did so purchase, he had knowledge that the title of said Fuller was fraudulent and void.

And it then alleges that Patton and Neel, under some private arrangement between them and the other defendants, are killing and selling the cattle in market for beef, that they have already slaughtered one hundred head, and, as complainant is informed and believes, are selling about twenty a month, and he has reasonable ground to fear that if said defendants are not restrained from killing and disposing of said cattle, there will not be sufficient to pay his demand; that said M. A. Fuller has no other property subject to execution sufficient to satisfy complainant's judgment, and he claims that, as attorney, he has a lien on said cattle, independent of the lien of his execution and judgment.

The defendants, M. A. Fuller and F. Fuller, answering jointly, admit the sales as alleged in the bill, but deny that they were made without valuable and sufficient consideration, or for a pretended consideration, and say they were made in good faith, and not intended to defraud complainant by hindering and delaying the collection of his demand, and say that the debts of Humphreys were large and nearly consumed the whole estate. They deny that the cattle are being slaughtered and sold as alleged in the bill, and deny that there will not be sufficient to pay complainant's demand out of said cattle, and say there is ample to pay his debt, if any due him. The answer of Patton is to the same

effect in regard to the sufficiency of the considerations of the sales, and the good faith, and absence of fraud therein, and says as to the consideration of the sale by M. A. Fuller to him, it was ample, and that he has paid debts of the Humphreys estate to the amount of about nineteen hundred dollars, and as to his sale to F. Fuller, that the consideration was ample, and that the thousand dollars paid by the latter was through an order of M. A. Fuller to F. Fuller on him, Patton, for that amount of his indebtedness to her.

Neel, in his answer, denies that at the time of Patton's mortgage of cattle to him, and of the sale by F. Fuller to him, he had any knowledge or notice of any lien of complainant on said cattle, and says that on the execution of the mortgage he paid five hundred dollars to Patton, and gave him four promissory notes for two hundred and fifty dollars each, payable at thirty, sixty, ninety and one hundred and twenty days, and that he has paid these as they have arrived at maturity, except the ninety day note, which he will be compelled to pay also. He denies any bad faith in the transaction.

The main equity of the bill rests on the charge of fraud in the sale of the cattle by M. A. Fuller to Patton. There is nothing in the claim of complainant that he has a lien on the cattle for his fees for services rendered in establishing the nuncupative will of Humphreys, under which M. A. Fuller became legatee. When that was done, the property of the estate vested in the administrator of Humphreys, and M. A. Fuller, though legatee, had no such direct right in it as would enable a lien to attach, nor did the judgment give complainant a lien, the law of this State being that a judgment is a lien on realty, but not on personalty. And as to any lien given by the execution, that could not attach till

January 20, 1888, fifteen days after the date of the sale to Patton. So complainant has no equity for an injunction except on the ground of fraud in the sale. The allegations of the bill in regard to this are denied by the answers of the parties concerned in the sale, and ordinarily where the equities of the bill are denied, a preliminary injunction will be refused, just as such injunction will be dissolved ordinarily, when granted upon the bill, if on the coming in of the answer the equities of the bill are denied. But there are exceptions to this, and these, as stated by Judge Story, in Poor vs. Carleton, 3 Sumner, 74, "for the most part, are fairly resolvable into the principle of irreparable mischief." Or, as expressed by this Court in Allen vs. Hawley, 6 Fla., 142, "the general rule * * is to dissolve the injunction when the answer fully denies all the circumstances upon which the equity of the bill is founded. * * But there is no inflexible rule to this effect, for the granting or continuing of injunctions must always rest in the sound discretion of the Court, to be governed by the nature of the case." The rule is modified in this State, as explained in Sullivan vs. Moreno, 19 Fla., 200, by the legislation which provides that when "the defendant in his answer shall have denied the statements of the bill or of the accompanying affidavit, either party thereto shall have the right to introduce evidence in support or denial of the bill and accompanying affidavit or answer before the injunction * * shall be dissolved." And in the present case it is contended for complainant that the rule upon which a summary injunction will be refused where the answer denies the statements of the bill, does not apply, because the complainant, in support of his motion for injunction, offered by way of evidence, his affidavit, which sustains the allegations of the bill. That affidavit is objected to because sworn to

before an officer of another State not authorized to administer the oath, but the objection should have been made in the court below, and comes too late here. As to the statements of the bill, it is but a general affirmation of their truth, and some of it denies the negative statements of the answers, while much of it denies matter not responsive to the bill. It does not seem to us to add any strength to the case for a summary injunction, and is not sufficient to overcome the denials of the answers, if we apply the rule that "where the parties proceed to a hearing all the allegations of the answer which are responsive to the bill shall be taken as true, unless they are disproved by evidence of greater weight than the testimony of a single witness." Carr vs. Thomas, 18 Fla., 736. And we may add, especially so, when the witness is the complainant in the bill.

Further than this, conceding that the facts alleged in the bill are sufficient to entitle the complainant to the relief he asks, if sustained by evidence on a final hearing, we are not satisfied they are sufficient to authorize a summary injunction, in the absence of allegations that show irreparable mischief as likely to result from delay. We suppose complainant had such allegations in mind when he stated that M. A. Fuller had no other property out of which his execution against her could be satisfied, and that the cattle were being killed and sold in such numbers that if this is not prohibited enough would not be left to bring the amount of his claim. But his bill shows that Fuller has nothing to do with the cattle now, and its charge is that defendants, Patton and Neel, are the parties disposing of them, and that they are treated as the cattle of Neel. Neel, therefore, is the real party against whom the injunction will operate, and who will be responsible for the cattle if complainant is successful in his suit. But it is not alleged in the bill that Neel is

insolvent, and that a decree against him would be fruitless in case the cattle should not be forthcoming. This should appear to authorize a summary injunction.

This view, and that we have taken in regard to insufficiency of evidence to overcome the denials of the answers, are important in connection with the second ground of error, *viz :* the granting of the injunction without bond. There is no affidavit of inability to give bond as required by the statute (McClellan's Digest, 158, Section 19), and it is not contended for complainant that a bond is not necessary, but on the authority of Scarlett vs. Hicks, *et al.*, 13 Fla., supported by Gamble vs. Campbell, 6 Fla., 347, it is suggested that instead of reversing the case and remanding it for a dissolution of the injunction, it is in the power of this Court to remand the case with directions to dissolve the injunction unless the complainant give bond in compliance with the statute. If we admit the power, and the views heretofore expressed, leading to the conclusion that as the case stands a summary injunction should not have been granted, are correct, it follows that the case is one in which the power should not be exercised. And that is just what occurred in Gamble vs. Campbell, though, in that case, the Court held that an injunction should not be dssolved because of a deficient bond, it refused to put the power of correction in motion because of want of equity in the bill, the difference between that case and this being that while here the equity of the bill is conceded, the answers meet it in such way, and the defect of the bill as to allegation of irreparable mischief is such, that in our opinion a summary injunction should not have been granted.

The decree is reversed, and the case will be remanded with direction that the injunction be dissolved.