T. F. THOMAS, P. G. RAMSEY, E. L. JOHNSON, J. G. DAMPIER AND D. B. ST. CLAIR, AS COUNTY COMMISSIONERS OF ALACHUA COUNTY, FLORIDA, *Appellants,* v. A. K. WADE, *Appellee.*

1. Where the erection of a bridge across a navigable stream obstructs navigation, a suit to abate the obstruction can not be maintained by an individual who claims only the public right of navigation unless it is alleged and proven that he suffers some special or particular injury or damage different not only in degree but in kind from the injury or damage suffered by the public from such obstruction.

2. A bill in equity to abate the obstruction of a navigable stream by a bridge can not be maintained by an individual when the allegations of special and particular injury and damage to the complainant, different from that of the public, are that all navigation of the stream is stopped, and that the complainant before the obstruction, nearly five years prior to the filing of the bill was doing a fair business in the operation of his boat on the stream so obstructed, and is now desirous of resuming the operation of said

boat; that said obstruction is a personal injury and wrong to complainant; that said nuisance causes a special wrong and injury to him different and greater than that of any one else, for the reason that he built his boat and made a traffic contract with a named railroad for the express purpose of operating his said boat through the stream so obstructed, and had used said stream for years and had built up a good business which said *obstruction to the navigation* thereof has almost entirely destroyed, and his said boat has been idle the greater part of the time since such bridge was built, and that as a citizen and taxpayer of the State and county he is entitled to the full protection of the law and against the wilful violation and defiance of the laws of navigation by the defendants, where the proofs show that since the construction of the bridge there is no navigation under said bridge, and that complainant's boat can not pass thereunder, and there is no showing of injury or damage to complainant different in kind from that of any other person who might undertake to use the stream for purposes of navigation under similar circumstances.

This case was decided by the court *En Banc.*

The facts of the case are stated in the opinion of the court.

Appeal from the Circuit Court for Alachua county.

*Horatio Davis* for appellants.

*Geo. P. Raney* and *W. W. Hampton* for appellee.

WHITFIELD, J.—This appeal was taken by the defendants in a cause in the Circuit Court for Alachua county wherein, at the suit of the appellee, a citizen and resident of Alachua county, Florida, the defendants as county commissioners of Alachua county were by decree ordered to remove a bridge erected by them over an alleged navigable stream called Cross Creek, or to construct a draw in the bridge sufficient to permit the passage of boats fit for

transportation on said stream, or to raise the bridge higher so as to permit such transportation. A demurrer to the bill is incorporated in the answer of the defendants, and the court on the hearing held that the allegations and proofs entitled the complainant to relief. The errors assigned here assail the correctness of this ruling and of the order above mentioned.

Where the erection of a bridge across a navigable stream obstructs navigation, a suit to abate the obstruction can not be maintained by an individual who claims only the public right of navigation, unless it is alleged and proven that he suffers some special or particular injury or damage different not only in degree but in kind from the injury or damage suffered by the public from such obstruction. *Jacksonville, T. & K. W. Ry. Co. v. Thompson,* 34 Fla. 346, 16 South. Rep. 282; *Blackwell v. Old Colony Railroad Co.,* 122 Mass. 1; *South Carolina Steamboat Co. v. South Carolina R. Co.,* 30 S. C. 539, 9 S. E. Rep. 650, S. C. 4 L. R. A. 209.

The bill was filed April 10, 1900, and alleges the obstruction was made in 1895. The allegations of the special and particular injury and damage to the complainant, different from that of the public, are that all navigation over said Cross Creek is stopped, and that the complainant before the obstruction to the navigation of said stream was doing a fair business in the operation of his said boat and is now desirous of resuming the operation of said boat, and the continuance of said obstruction to the navigation of said stream is a personal injury and wrong to complainant, and that the said nuisance causes a special wrong and injury to him, different and greater than that of any one else, for the reason that he built his said steamboat and made a traffic contract with the Florida Central & Peninsular Railroad for the express purpose of operating his said steamboat through said creek and into Orange Lake, and has

used said stream for years and had built up a good busi-
ness which said *obstruction to the navigation* thereof has
almost entirely destroyed, and his said boat has been idle
the greater part of the time since said bridge was built,
and that as a citizen and tax-payer of the State and county
he is entitled to the full protection of the law and against
the wilful violation and defiance of the laws of navigation
by the said defendants.

The proofs show that since the construction of the
bridge there is no navigation over Cross Creek under said
bridge, and that complainant's boat can not pass there-
under.  There is no showing of injury or damage to com-
plainant different in kind from that of any other person
who might undertake to use the stream for purposes of
navigation under similar circumstances.  The only right the
complainant shows he is deprived of is the public right of
navigation in the stream.  An injury to this right can be
redressed only at the suit of the proper public authorities.
*South Carolina Steamboat Co. v. Wilmington C. & A. R.
Co.,* 46 South Carolina 327, 24 S. E. Rep. 337; *O'Brien v.
Norwich and Worcester R. R. Co.,* 17 Conn. 372.

The decree is reversed at the cost of the appellee and
the cause remanded for proper proceedings.

TAYLOR, C. J., and SHACKLEFORD, J., concur.

HOCKER, J., being disqualified, took no part in the con-
sideration of this cause.

CARTER, J. (*dissenting*).—The bill shows that the ap-
pellants constructed a bridge over Cross Creek, a navigable
stream in Alachua county for the purpose of enabling the
public to cross said creek, and although there is a general
allegation that "all navigation over the said Cross Creek is
stopped," yet this broad allegation is limited and controlled

by other averments showing that navigation is only partially obstructed by the bridge, or rather, that navigation for complainant's vessel and steamboats of sufficient size to manage the legitimate business, is obstructed. The answer of the defendants denies this allegation and alleges that complainant's boat is unreasonably large, and that boats of sufficient size to accommodate the business can navigate the creek notwithstanding the bridge. The evidence shows that the bridge stands more than four feet above high water; that there is a span eighteen feet wide between pillars, and that naphtha boats standing four feet above water can safely pass under the bridge. From the depth of the water and the width of the openings between pillars and the heighth of the bridge as shown by testimony it is very clear that timber rafts and small vessels are not at all obstructed by the bridge. Under these circumstances I have no hesitation in saying that equity had jurisdiction to grant relief to complainant who for years before the bridge was built had an established business in the navigation of a steamboat over Cross Creek, which business was practically destroyed by the building of the bridge. He suffers an injury different in kind and not merely in degree from the general public, for the common right of navigation is not denied or obstructed to those who may desire to raft timber or operate smaller vessels than that owned by complainant. As to what constitutes special injury in cases of this nature see a very full discussion in 2 Wood on Nuisances (3rd ed.) section 645 *et seq.*

COCKRELL, J., concurs.