G. E. ROBBINS AND C. J. McGEHEE, CO-PARTNERS AS ROBBINS & McGEHEE, APPELLANTS, v. SALLIE A. WHITE IN HER OWN RIGHT AND AS GUARDIAN FOR MIDGET WHITE, A MINOR, APPELLEE.

1. A dedication of lands to the public for street purposes in the absence of clear contrary intent, does not divest the owner of the title to the land, but only subjects the land and the title to the public easement for street purposes,

and if the easement be lawfully surrendered and relinquished the title to the land remains in the dedicator or his successors in title discharged of the easement.

2. The obstruction of a public street is a public nuisance, but it may also constitute a private nuisance. An individual cannot enjoin the obstruction of a public street unless some special damage to his property or injury to him differing not only in degree but in kind from the damage sustained by the community at large is threatened. An abutting property owner may enjoin the obstruction of a public street if some damage to his property differing in kind from that of the public generally is threatened by the obstruction.

3. An individual cannot enjoin the closing of a public street on the ground that such closing will cause annoyance and inconvenience to the public or to citizens and residents of a certain section or portion of a city, where there is no allegation that injury is thereby threatened to the complainant's property or other rights different in kind from those of the general public.

4. Where the allegations of a bill warrant the granting of a temporary injunction to enjoin the obstruction of a public street at the suit of an abutting property owner, if the sworn answer of individual defendants positively denies such allegations, and the answer also contains responsive averments sufficient if sustained to defeat the injunction, a motion to dissolve the injunction, heard by consent solely on the bill and sworn answer, the oath to the answer not being waived in the bill, should be granted where there is no evidence to sustain the allegations of the bill.

This case was decided by Division A.

Appeal from the Circuit Court for Suwannee County.

The facts in the case are stated in the opinion of the court.

*Carter* & *McCollum* and *Rees* & *Rees,* for Appellants;

*Humphreys* & *Harrell,* for Appellee.

WHITFIELD, J.: The appellee in her own right and as guardian for Midget White, a minor, filed a bill in the Circuit Court for Suwannee county in which it is alleged that she is a citizen, resident and taxpayer in the city of Live Oak, Suwannee county, Florida; that she is the widow of John F. White, deceased; that she is the duly qualified guardian for Midget White, her daughter, a minor under the age of 21 years; that besides the property interest owned and acquired by her by and through the late John F. White, deceased, she holds in trust for Midget White as guardian as aforesaid certain undivided interests settled upon the said Midget White by the last will and testament of the said John F. White, deceased; that all that section or portion of the city of Live Oak east of Ohio Avenue bounded on the north by Railroad Street or Conner Street and on the south by Howard Street has been incorporated into and described and designated on the map or plat used by the said city of Live Oak and by the town of Live Oak before the same was incorporated as a city; that for many years back the said city of Live Oak or the town, and the public have recognized and considered the same to be the official map or plat of the said city and town of Live Oak; that the said map or plat shows thereon the public streets and thoroughfares of the said city of Live Oak; that said plat shows a street, thoroughfare or alley running north and south through that por-

tion of said city of Live Oak above described, about eleven hundred feet east of Ohio Avenue; that the last mentioned street, alley or thoroughfare indicated in said plat or map was more than thirty years ago, by one Nancy M. Parshley, dedicated to the town of Live Oak in trust for the use of the public as a public thoroughfare or street; that same has been considered and recognized by all the official plats and surveys and the citizens of the said city and town of Live Oak continuously since that time; that all the conveyances since said time of the property in that part of the town and city of Live Oak first above described were made with reference to the official map or plat herein mentioned and with reference to the street, alley or thoroughfare last above described; that about thirty or forty years ago last past the late John F. White, deceased, purchased of and from the said Nancy M. Parshley certain real property, abutting, adjoining and contiguous to the street last above described with the express understanding and agreement that said street would be dedicated to and kept open as a thoroughfare for the public; that the real property acquired by purchase by the late John F. White aforesaid is still, except a small portion thereof which has since been conveyed, property of the estate of the said John F. White in which complainant and Midget White now hold undivided interest; that the City Council of the said city of Live Oak, a municipal corporation under the laws of the State of Florida, to-wit, 13th of April, 1906, pursuant to the call of the mayor of the said city of Live Oak passed a resolution closing said street and permitting the use thereof to the said Robbins & McGehee for the purpose of enlarging and extending their said partnership business or machine shop, with provisions however that the said Robbins & McGehee keep open a street of equal

width on the east end of the land owned by the heirs of Nancy M. Parshley and recently leased by the said Robbins & McGehee; that if the said street sought to be closed by the said City Council and permitted to be used by the said Robbins & McGehee it will work a great hardship and inconvenience to complainant and to the public in that section of the said city of Live Oak and greatly depreciate the value of property owned by citizens in said section, in that they will have no public passage or thoroughfare through and across said section as first above described; that there will be no passage way or thoroughfare if the said Robbins & McGehee are permitted to carry into effect the resolution of the said City Council aforesaid, for a distance of approximately eighteen hundred feet east of Ohio Avenue, so that the public would thereby have to travel completely around said section or portion of said city of Live Oak, either west by way of Howard Street to Ohio Avenue or east by way of Howard Street to the proposed street near the eastern limit of the residence portion of Howard Street in the said city of Live Oak; that if said street is permitted to be used by the said Robbins & McGehee and closed it will greatly increase travel and annoy the citizens and residents in that section or portion of town; that the said street as now located and recognized is a public necessity in order to give the people convenient free and easy passageways and thoroughfares to and from their property in said section or portion and across the same to the other public places and streets in the said city of Live Oak; that the said resolution can confer no authority on the said Robbins & McGehee to use the said street as by resolution sought to be done, in that the said City Council exceeded its authority in granting a permit to private parties to the exclusive right to the public street;

that said City Council is powerless under the law and under the charter to close a public street dedicated to the public aforesaid, or to grant the exclusive use thereof to private persons or corporations, as such streets are held in trust by the said city for the public; notwithstanding this, however, the said Robbins & McGehee are already beginning to carry out the resolution mentioned by closing the said street, and if not restrained and enjoined from so doing they will shortly have their shops or portions thereof, machinery and tracks located and in operation on said street; that preparation has already been begun by the said Robbins & McGehee for the extension of their shops and their business as aforesaid on the said street and if permitted to continue to carry out their plans and preparations as aforesaid great injury, inconvenience and injustice will result to complainant and the public in that section of the city of Live Oak. The prayer is for an injunction restraining and enjoining Robbins & McGehee, their agents and employees, from further obstructing or using the said public street or thoroughfare. Copies of both the plat and of the resolution of the city council referred to are attached as exhibits and made a part of the bill. A temporary injunction was issued on April 19th, 1906, the day the bill was filed. On May 5th, 1906, defendants filed their answer under oath with a demurrer incorporated therein in substance as follows: By way of demurrer, first, that there is no equity in the bill entitling the complainant to the relief prayed; and, second, that the complainant fails to show by sufficient allegation of facts that the alleged injury to her is such direct and special injury as entitle her to the relief sought; and for answer say: These defendants upon information and belief admit that that section or portion of the city of Live

Oak east of Ohio Avenue and bounded on the north by Conner Street and on the south by Howard Street as mentioned in the bill of complaint has been described and designated on a map or plat used by the city of Live Oak and by the town of Live Oak and that on such map or plat appear the public streets and thoroughfares of said city and that it appears thereon that there is and has been for some years an unnamed alley lying immediately east of the lands or lot owned by these defendants and upon which is now located their machine shops; these defendants admit that the said plat shows a street or alley running north and south through that portion of Live Oak in the said bill mentioned, having as its termini Conner street on the north and Howard street on the south, but deny that the said alley or street as shown upon said plat is eleven hundred feet east of Ohio Avenue and aver the truth to be that it is only nine hundred and fifty feet east of said Ohio Avenue; these defendants are not advised save by the bill and therefore neither admit nor deny that one Nancy M. Parshley more than thirty years ago or at any other time dedicated the street or alley in the said bill mentioned to the town of Live Oak in trust for the use of the public as a public street, and these defendants require strict proof of the same; defendants deny that said street or alley has been recognized by any official survey of the said city or town of Live Oak or by the citizens thereof, but aver the truth to be upon information and belief that there has been no official survey of either the city or town of Live Oak and the said alley has only been known to exist by but very few people in said city or town, and then only because it appears on the map or plat used by said municipality; that in truth and in fact the said street or alley has never been used as such since the

alleged dedication thereof; that defendants are advised and believe it to be true that the late John F. White, deceased, purchased from N. M. Parshley some thirty or forty years ago certain real property abutting, adjoining and contiguous to said street or alley, but they aver that they have no knowledge whatever as to the alleged express understanding and agreement between the said John F. White and the said N. M. Parshley providing for the keeping open of said street or alley for the public, and they require strict proof of said alleged agreement; these defendants deny that the real property acquired by said purchase by the said John F. White from the said N. M. Parshley or any portion thereof abutting, adjoining and contiguous to said street or alley is still owned by the estate of John F. White, and deny that the said Sallie A. White and Midget White or either of them now hold or own any interest whatever in the same or any part thereof; but they aver the truth to be that these defendants are now and for more than six years last past have been the sole owners of and in possession of the entire lot or parcel of land abutting the west side of said alley for its full length, having deraigned title thereto from said John F. White, they aver that the heirs of the estate of N. M. Parshley, deceased, are now and have been for more than thirty years last past the sole owners and in possession of the entire lot or parcel of land abutting the east side of said street or alley, and these defendants now hold and own a fifteen-year lease from the Parshley estate for the entire lot or parcel of land abutting the east side of the said street or alley from Conner Street on the north to Howard Street on the south, and neither the said Sallie A. White nor the said Midget White own any interest whatever in the abutting property on either

side of said alley or street for the entire length thereof; these defendants deny that the city council of the city of Live Oak, Florida, exceeded its authority by the passage of the resolution attached as exhibits to the bill of complaint, but aver the truth to be that under section 7 of Article 4 of Chapter 5353 Laws of Florida, approved May 25, 1903, the city council of the city of Live Oak, Florida, was expressly authorized by the Legislature of the State of Florida and empowered "to authorize and make appropriations to alter, open, extend, abolish, widen, establish, grade, pave or otherwise improve, clean and keep in repair streets, alleys and sidewalks and to erect and keep in repair bridges, culverts, sewers and gutters," and that by virtue of such delegated authority the said city council has the power to abolish the alley or street in question; defendants deny that the closing of said alley would work a great hardship and inconvenience to the complainant or to the public in that section of said city, nor would it depreciate the value of the property owned by citizens in said section to an appreciable extent, if any at all; defendants deny that there would be no thoroughfare or passage across and through the said section of said city as described in the bill of complaint, but aver the truth to be that the proposed street to be opened up by these de-defendants under the provisions of the resolution is only 1.325 feet east of Ohio Avenue and only 172 feet east of the front gate of the complainant, Sallie A. White; that through this proposed street the complainant would have passage from Howard Street to Conner Street; defendants neither admit nor deny that if the said street or alley is permitted to be used by the defendants and closed that it will increase travel in that section or portion of town for the reason that they are not informed save by

the opinion of complainant's counsel in the bill, and they aver that if such is the case complainant's property will become more prominent and will thereby be greatly enhanced in value instead of being injured; defendants deny that such "increased travel" or the closing of said alley will annoy the citizens and residents in that portion of town, and deny most emphatically that the said alley or street proposed to be closed is a public necessity in order to give people convenient, free and easy passageway as claimed by the complainant in her bill; that for the purpose of fully explaining the location of said street or alley and accurately locating the abutting property thereon, with the owners indicated and the street or alley proposed to be opened by these defendants with the distances from Ohio Avenue, and also for the purpose of accurately locating the home and residence of the complainants with the property in which they have an interest and the distances from the property of complainant to both the old alley or street and the proposed alley or street to be opened under the provisions of the resolution, the defendants attach as a part of their answer a correct diagram of that section or portion of the city. The answer also contained the usual general denial.

On May 5th, 1906, the defendants filed a motion to dissolve the injunction, upon which the court made the following order: "This cause came on for hearing by consent upon motion of the defendants to dissolve the injunction upon the bill and answer, and was argued by solicitors, and upon consideration thereof it is ordered and decreed that said motion be denied. Done and ordered at chambers this 6th day of June, 1906. B. H. Palmer, Judge."

, The defendants appealed from this order and assign as

errors the orders granting the temporary injunction and refusing to dissolve it.

A dedication of lands to the public for street purposes, in the absence of clear contrary intent, does not divest the owner of the title to the land, but only subjects the land and the title to the public easement for street purposes, and if the easement be lawfully surrendered and relinquished the title to the land remains in the dedicator or his successors in title discharged of the easement. See 9 Am. & Eng. Ency. Law, 73, 80 *et seq.,* and authorities cited; 13 Cyc. 486 *et seq.,* and authorities cited.

Conceding that the Legislature has the power to relinquish the rights of the public acquired by the dedication of land for use as a public street, and that such power can be delegated to a city, and further that this power was conferred upon the city of Live Oak by the provisions of its charter, Chapter 5353, Acts of 1903, that its City Council shall have power by ordinance "to authorize and make appropriations to alter, open, extend, abolish, widen, establish, grade, or otherwise improve, clean and keep in repair, streets, alleys and sidewalks," such power extends only to a surrender and relinquishment of the rights of the public in the surface of the land as a street. Upon the lawful surrender or relinquishment of the public easement as a street the owner of the land on which the street was located then has the ownership of the land discharged from easement, and is entitled as against the public to the possession and lawful use of the land. If the owners of the land abutting on the street have title to the center of the street, and the public easement for street purposes is legally surrendered and relinquished, such owners are entitled to the lawful use of the land discharged of the easement.

In this case it is alleged that the land in controversy was more than thirty years ago by one Nancy M. Parshley dedicated to the town of Live Oak in trust for the use of the public thoroughfare or street; that the same has been considered and recognized by all the official plats and surveys and the citizens of the city and town of Live Oak continuously since that time; that the City Council of the city of Live Oak by resolution ordered the street to be closed, and further authorized the defendants herein to use the same for their private purposes. If the resolution referred to, which appears to have been passed by the City Council and approved by the Mayor, be treated as a valid ordinance, it can be effective only to surrender and relinquish the rights of the public in the easement for street purposes, and it cannot give to the defendants any right in or to the land on which the street was located unless the city owned the land.

If the defendants own the land abutting on both sides of the street and to the center of the street from each side, they are entitled to the lawful use of the entire land on which the street was located when the public easement is legally removed from it. If they own the land on one side of the street and to the center of the street, they are entitled to the lawful use of the land on that side to the center of the street, when the public easement is legally removed from it.

If the alley or street is a public highway which cannot be, or has not been, lawfully abolished, and the complainant is an abutting property owner, she may enjoin the obstruction of the alley or street if some damage to her property differing in kind from that of the public is threatened by the obstruction. The obstruction of a public street is a public nuisance, but it may also constitute

a private nuisance. An individual cannot enjoin the obstruction of a public street unless some special damage to his property or injury to him differing not only in degree but in kind from the damage sustained by the community at large is threatened. See Lutterloh v. Mayor, &c., 15 Fla. 306; Garnett v. Jacksonville, St. A. & H. R. Ry. Co., 20 Fla. 889, text 902; Jacksonville, T. & K. W. Ry. Co. v. Thompson, 34 Fla. 346, 16 South. Rep. 282. See also, Strickland v. Knight, 47 Fla. 327, 36 South. Rep. 363; Thomas v. Wade, 48 Fla. 311, 37 South. Rep. 743; 20 Ency. Pl. & Pr. 938.

Conceding that the allegations in the bill as to the complainant being an abutting owner warrant the granting of a temporary injunction, the sworn answer of the individual defendants positively denies such allegations, and also contains responsive averments sufficient if sustained to defeat the injunction. Under these conditions a motion heard by consent solely on the bill and answer to dissolve the injunction should be granted where there is no evidence to sustain the allegations in the bill. See Godwin v. Phifer, 51 Fla. 441, 41 South. Rep. 597; Fuller v. Cason, 26 Fla. 476, 7 South. Rep. 870; Indian River Steamboat Co. v. East Coast Transportation Co., 28 Fla. 387, 10 South. Rep. 480; Carr v. Thomas, 18 Fla. 736.

The bill alleges that the complainant, Sallie A. White, is a citizen, resident and taxpayer in the city of Live Oak; that she is the widow of John F. White, deceased; "that she is the duly qualified guardian for Midget White, her daughter, a minor under the age of 21 years; that besides the property interest owned and acquired by her by and through the late John F. White, deceased, she holds

40—S. C.

in trust for Midget White as guardian as aforesaid certain undivided interests settled upon the said Midget by the last will and testament of the said John F. White, deceased." It is not stated what is the "property interest" of the complainant in her own right, nor is it stated how or what "she holds in trust for Midget White as guardian," so as to show that she is authorized to sue in her own name as guardian for her minor daughter.

It is alleged "that about thirty or forty years ago last past the late John F. White, deceased, purchased of and from the said N. M. Parshley certain real property abutting, adjoining and contiguous to the street last above described with the express understanding and agreement that the said street would be dedicated to and kept open as a thoroughfare for the public; that the real property acquired by purchase by the late John F. White aforesaid is still, except a small portion thereof which has since been conveyed, is still property of the estate of the said John F. White in which your oratrix and Midget White now hold undivided interests." It is not alleged that the portion of the land conveyed is not all of the said land abutting, adjoining and contiguous to the street in question. Neither is it shown that the complainant is entitled to enforce the agreement referred to. The defendants in their answer under oath, the oath not being waived in the bill, "deny that the real property acquired by said purchase by the said John F. White from the said N. M. Parshley, or any portion thereof, abutting, adjoining and contiguous to said street or alley is still owned by the estate of John F. White, and deny that the said Sallie A. White and Midget White or either of them now hold or own any interest whatever in the same or any part thereof; but they aver the truth to be that these defend-

ants are now and for more than six years last past have been the sole owners of and in possession of the entire lot or parcel of land abutting the west side of said alley for its full length, having deraigned title thereto from said John F. White, they aver that the heirs of the estate of N. M. Parshley, deceased, are now and have been for more than thirty years last past the sole owners and in possession of the entire lot or parcel of land abutting the east side of said street or alley, and these defendants now hold and own a fifteen-year lease from the Parshley estate for the entire lot or parcel of land abutting the east side of said street or alley from Conner Street on the north to Howard Street on the south, and neither the said Sallie A. White or the said Midget White own any interest whatever in the abutting property on either side of said alley or street for the entire length thereof." This denial and averment are sufficient to defeat the equity for an injunction contained in the allegation that the complainant is an abutting owner, in the absence of any evidence to sustain the bill.

The other allegation of injury to property is that the closing of the street will "greatly depreciate the value of property owned by citizens in said section, in that they will have no public passage or thoroughfare through and across said section." It is not alleged that the complainant's property "in said section" of the city will be peculiarly injured, therefore the allegation will not sustain an injunction.

It is alleged that "if the said street sought to be closed by the said City Council and permitted to be used by the said Robbins & McGehee that it will work a great hardship and inconvenience to your oratrix and to the public in that section of the said city of Live Oak, and

greatly depreciate the value of property owned by citizens
in said section in that they will have no public passage
or thoroughfare through or across said section;" "that
there will be no passageway or thoroughfare if the said
Robbins & McGehee are permitted to carry into effect the
resolution of the said City Council  *  *  *  for a dis-
tance of approximately 1,800 feet east of Ohio Avenue so
that the public would thereby be necessitated to travel
completely around said section or portion of said city of
Live Oak; either west by way of Howard Street to Ohio
Avenue or east by way of Howard Street to the proposed
street near the eastern limit of the residence portion of
Howard Street in said city of Live Oak; that if said street
is permitted to be used by the said Robbins & McGehee
and closed it will greatly increase travel and annoy the
citizens and residents in that section or portion of town;
that the said street as now located and recognized is a
public necessity in order to give people convenient, free
and easy passageways and thoroughfares to and from their
property in said section or portion, and across the same
to the other public places and streets in the said city of
Live Oak;  *  *  *  that if defendants be permitted to
"have their shops or portions thereof, machinery and
tracks located and in operation on said street  *  *  *
great injury, inconvenience and injustice will result to
your oratrix and the public in that section of the city of
Live Oak." Even if the allegations as to the annoyance and
inconvenience to the public or to the citizens and resi-
dents of a certain section or portion of the city of Live
Oak include the complainant, her property is not alleged
to be in danger of injury, and no rights and privileges of
hers different in kind or degree from those of the general
public or the citizens generally of a certain portion of the

city of Live Oak are alleged to be in danger of injury by the closing of the street in controversy.

Aside from the allegation as to ownership of abutting property which is specifically denied and overcome by the answer, the bill contains no allegation of fact showing that the complainant will suffer any injury to her property or any other injury different in kind from the general public under like circumstances.

The motion to dissolve the injunction was made solely on the bill and sworn answer. The answer specifically denies the allegations of the bill which are material to support the injunction, and also contains positive averments, directly responsive to such material allegations, which averments are sufficient on a hearing on bill and answer to defeat the equities of the bill, at least, in the absence of any evidence to sustain the allegations of the bill. This being so the injunction should have been dissolved.

The order denying the motion to dissolve the injunction is reversed and the cause is remanded.

SHACKLEFORD, C. J., and COCKRELL, JJ., concur in the

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.