MINNIE I. BROWN AND J. R. BROWN, HER HUSBAND, *Appellants*, v. THE FLORIDA CHAUTAUQUA ASSOCIATION, A CORPORATION *et al., Appellees.*

1. The unlawful obstruction of a public highway is a public nuisance that may be redressed by appropriate judicial proceedings at the instance of proper governmental authorities.

2. In order to secure an efficient administration of the law for the benefit of the public and to avoid the evil of many suits to accomplish one purpose, public wrongs are redressed at the suit of proper officials, and individuals are not permitted to maintain separate judicial proceedings to redress a wrong that is public in its nature unless the individual suffers or is threatened with some special, particular or peculiar injury growing out of the public wrong.

3. If a public nuisance causes special or peculiar injury to an individual different in kind and not merely in degree from the injury to the public at large, and the injury is substantial in its nature, the individual may have his civil remedy. If the remedy at law is inadequate equity will afford appropriate relief.

4. If an unlawful obstruction in a public highway merely interferes with the right of passage that is common to all, and no individual rights are specially or peculiarly injured, relief should be had through the proper public authorities.

5. Any person whose property rights are specially injured by an unlawful obstruction in a public highway may have the aid of a court of equity in removing the obstruction when the remedy at law is inadequate.

6. In proceedings brought by an individual to enjoin an obstruction to a public highway the complainant should distinctly allege facts showing the special and peculiar injury complained of, with sufficient clearness to enable the court to determine whether the complainant is entitled to maintain the suit.

7. Where there is equity stated a general demurrer should be overruled even though the allegations are not full and complete.

8. A mere allegation of irreparable injury not sustained by the allegations of facts will not ordinarily warrant the granting of relief by injunction; but where it appears that an action at law will not afford adequate redress, equitable relief may be had.

9. Where it is alleged that the complainant owns a lot bounded on a street that is obstructed, upon which lot a hotel business is conducted; that the obstruction of the street prevents direct passage from the hotel to the depot, necessitating two crossings of a railroad track or else a more circuitous route in reaching the passenger depot from the hotel, resulting in irreparable damage to the hotel business and decreasing the value of the property, a special, peculiar and substantial injury to the complainant is shown for which he may maintain a suit for appropriate relief.

10. Where an individual sustains special substantial injury in his property rights by an obstruction of a public highway he may have equitable relief where the remedy at law is inadequate.

This case was decided by Division A.

Appealed from the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*William W. Flournoy,* for Appellants;

*Daniel Campbell & Son* and *Blount & Blount & Carter,* for appellees.

WHITFIELD, C. J.—The appellants brought a bill in equity for the removal of obstructions in Baldwin Avenue, a public highway in the town of DeFuniak Springs, Florida. Demurrers to the bill on the ground that the plaintiffs have not stated such a case as entitle them to the relief prayed were sustained, and, no amendment being made, the bill of complaint was dismissed. An appeal was taken by the complainants. The only questions argued are as to the right of the complainants to maintain the suit for the relief prayed. A dedication of the *locus in quo* as a street and its obstruction are stated, and to support a right of action in the complainants it is alleged that they own and operate a hotel situated upon a lot numbered 674, bounded on the north by Baldwin Avenue, on the East by Crescent Street, and on the west by Eleventh Street; that a railroad track runs "about the centre of Baldwin Avenue and traverses the same throughout its length from east to west;" that a "part of Baldwin Avenue which lies east of the front of said lot 674 and south of the said railroad track to the passenger depot of the said railroad company has been enclosed;" that such enclosure "prevents the passage of the public

29—Vol. 59.

and of complainants thereover all of that part of Baldwin Avenue * * * east of the front of said lot" 674 towards the passenger depot; "that because of said fence the right of the public to enjoy an easement over that portion of said avenue has been, since the erection thereof prevented, and the right of complainants to enjoy said easement has been, also, thereby prevented, which has been of great damage to the public and of great and irreparable damage to your complainants, preventing, as it does as aforesaid the use of said avenue for a right of way to and from its hotel east of the depot, and impedes the management and conducting of said hotel business to the passenger depot of the said railroad; that because of said obstruction said complainants are forced at much inconvenience to cross the railroad at the juncture of Baldwin Avenue and Crescent Street, * * * pass to the north of said railroad and then re-cross the said railroad four hundred feet east of the passenger depot, or pass to the south through Crescent Street around through Live Oak Street then back through Wright Avenue * * * and then through Chipley Park * * * over a right of way that has been made through necessity because of the obstruction of Wright Avenue;" "that because of said obstruction of said Baldwin Avenue, therefore, your complainants suffer, not only great and irreparable damage and inconvenience in the management, conducting and operating of their hotel business, but also said obstruction is of a direct and material damage to the value of their said property, decreasing as it does, the value of said property because, furthermore, said obstruction not only prevents the enjoyment by the public of the dedicated right of way and public easement, and prevents, also, as aforesaid, the passage and access of complainant and public and enjoyment of the right of way and easement over that part of said Baldwin Avenue from said

lot east to said passenger depot." As to some of the obstructions it is alleged specially that "because thereof your complainants suffer great and irreparable injury to their said hotel business and to the value of their said property and lot" 674. This allegation is in substance repeated several times in specific and in general terms.

The unlawful obstruction of a public highway is a public nuisance that may be redressed by appropriate judicial proceedings at the instance of proper governmental authorities. In order to secure an efficient administration of the law for the benefit of the public and to avoid the evil of many suits to accomplish one purpose public wrongs are redressed at the suit of proper officials, and individuals are not permitted to maintain separate judicial proceedings to redress a wrong that is public in its nature unless the individual suffers or is threatened with some special, particular or peculiar injury growing out of the public wrong. If a public nuisance causes special or peculiar injury to an individual different in kind and not merely in degree from the injury to the public at large, and the injury is substantial in its nature, the individual may have his civil remedy. If the remedy at law is inadequate equity will afford appropriate relief. Where an unlawful obstruction of a public highway merely affects injuriously an individual's right in common with the public to pass over the highway, the individual suffers no injury different in kind from the public and has no private right of action. Where, however, an unlawful obstruction to a public highway not only injures the right of an individual, in common with the public, to pass over the easement, but causes peculiar and special injury of a substantial nature to an individual, he has his private right of action to redress the special wrong to him; and where the remedy afforded by an action for damages in a court of law is inade-

quate, appropriate relief may be sought in a court of equity. These principles of law are generally recognized, but difficulty is frequently experienced in applying them to the facts and circumstances of particular cases. See Talbot v. King, 32 W. Va., 6.

In Robbins v. White, 52 Fla., 613, 42 South. Rep., 841, it was held that the unlawful obstruction of a public street is a public nuisance, that may also constitute a private nuisance; and that an individual cannot enjoin the obstruction of a public street unless some special damage to his property or injury to him differing not only in degree but in kind from the damage sustained by the community at large is threatened. The court there held the injunction should be dissolved and said the bill of complaint contained "no allegation *of fact* showing that the complainant will suffer any injury to her property or any other injury different in kind from the general public." See Payne v. McKinley, 54 Cal., 532.

If an unlawful obstruction in a public highway merely interferes with the right of passage that is common to all, and no individual rights are specially or peculiarly injured, relief should be had through the proper public authorities. Thomas v. Wade, 48 Fla., 311, 37 South. Rep., 743; Jacksonville, T. & K. W. Ry Co. v. Thompson, 34 Fla., 346, 16 South. Rep., 282, 26 L. R. A., 410; Garnett v. Jacksonville, St. A. & H. R. R. Co., 20 Fla., 889; Bowden v. City of Jacksonville, 52 Fla., 216, text 225, 42 South. Rep., 394; Ferry Pass Inspectors' & Shippers' Ass'n v. White's River Inspectors' & Shippers' Ass'n, 57 Fla., 399, 48 South. Rep. 643.

Any person whose property rights are specially injured by an unlawful obstruction in a public highway may have the aid of a court of equity in removing the obstruction when the remedy at law is inadequate. Lutterloh v. Mayor &c, 15 Fla., 360; Pedrick v. Raleigh & P. S. R.

Co., 143 N. C., 485, 55 S. E. Rep., 877; Bischof v. Merchants Nat. Bank, 75 Neb., 838, 106 N. W. Rep., 996; Sloss-Sheffield Steel & Iron Co. v. Johnson, 147 Ala., 384, 41 South. Rep., 907; Close v. Whitbeck, 102 N. Y., Supp. 904, 52 Misc. Rep., 224; Bent v. Timboli, 61 W. Va., 509, 56 S. E. Rep., 881; 29 Cyc., 1210.

In Ferry Pass Inspectors' & Shippers' Ass'n v. White's River Inspectors' & Shippers' Ass'n, 57 Fla., 399, 48 South. Rep., 643, it is said that if the highway is so used as "to injure the complainant in the use and enjoyment of his riparian land or the business thereon the defendant may be enjoined from a continuance of such wrong."

A mere allegation of irreparable injury will not ordinarily warrant the granting of relief by injunction, Metcalf Co. v. Martin, 54 Fla., 531, 45 South. Rep., 463; but the injury here complained of is of such a character that an action at law for damages would clearly be inadequate redress. Relief by appropriate injunctions should be granted if the special injury to the complainants as alleged is sufficient in law to authorize them to maintain this suit.

It is alleged that the complainants own Lot 674 bounded on the north by Baldwin Avenue, and are conducting a hotel business thereon; that a part of Baldwin Avenue south of the railroad track lying east of the front of said lot and extending to the railroad depot is obstructed so as to prevent direct passage along Baldwin Avenue from said lot to the depot, and necessitates two crossings of the railroad track or else a more circuitous route in reaching the passenger depot from the hotel, resulting in irreparable damage to complainants, "impedes the management and conducting of said hotel business to the passenger depot," and results in "direct and material damage to the value of their said property decreasing as it does the value of said property," and "great

and irreparable injury to their said hotel business and to the value of their said property."

In cases of this character, the complainants should distinctly allege facts showing the special and peculiar injury complained of, with sufficient clearness to enable the court to determine whether the complainants are entitled to maintain the suit.

The allegations here as to special injury are not very explicit or full and complete, but the demurrer is to the bill of complaint as an entirety and there were no specifications in the demurrer addressed to this feature of the pleading; therefore if there is any equity in the bill the demurrer should be overruled.  See Thompson v. Maxwell, 16 Fla., 773; El Modello Cigar Manuf'g Co. v. Gato, 25 Fla., 886, 7 South. Rep., 23, 23 Am. St. Rep., 537, 6 L. R. A., 823; Johnson v. McKinnon, 45 Fla., 388, 34 South. Rep., 272.

The location of complainants lot, the hotel business being conducted thereon, the proximity and location of the obstruction with reference to the complainants' lot and the passenger depot, the character of the business conducted by complainants on the lot and its natural relation to the passenger depot, and the inconvenience and increased risks in being forced to use more dangerous and longer route which crosses the railroad track twice or else to use a still more circuitous route to the depot from the hotel, make the unlawful obstruction of the street a special and substantial injury to the complainants' business in accommodating the travelling public, that naturally results in "direct and material damage to the value of their said property, decreasing as it does the value of said property" and causes "great and irreparable injury to their said hotel business and the value of their said business."  These considerations show a special, peculiar, particular and substantial injury to the

complainants caused by the unlawful obstruction that is not common to the public and that cannot be adequately remedied by an action at law. The demurrer to the bill of complaint should have been overruled. In the case of McGourin v. Town of DeFuniak Springs, 51 Fla., 502, 41 South. Rep., 541, it was not shown that the *locus in quo* was in Baldwin Avenue.

The decree is reversed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.