CITY OF GAINESVILLE AND W. R. THOMAS, *Appellants,* v.
W. B. PHIFER, *Appellee.*

Where the allegations of a bill of complaint show grounds for
    equitable relief against a party demurring thereto, the de-
    murrer is properly overruled.

Appealed from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the
court.

*W. S. Broome* and *R. E. Davis,* for Appellants;

*Williams* & *Hardee,* for Appellee.

WHITFIELD, C. J.—This appeal is from an order over-
ruling a demurrer of W. R. Thomas, one of the appellants,
to a bill of complaint brought to enjoin the obstruction
of certain streets in the City of Gainesville, Florida.

It appears that Phifer owns lot No. 21, in Hill and
Lassiter's addition to the City of Gainesville; that the

streets in the sub-division were dedicated to public use and used as such; that Sweet Briar Street runs North and South on the West boundary of lot 21; that Canal Street sometimes known as Lassiter Street runs west from Sweet Briar Street and a continuation of this street had been dedicated by the owner of the land and used along the northern boundary of lot 21 as a street, and was sometimes called Hampton Street; that W. R. Thomas who bought all the other lots in Hill and Lassiter's addition has closed the streets in said addition and has closed Canal Street, including that portion of it on the North boundary of lot 21 and called Hampton Street; that Thomas has some arrangement with the City by which he proposes to close Canal Street West of Sweet Briar Street and make the street lie and be just South of its present location which makes the street enter Sweet Briar Street immediately in front of the north half of the West line of lot 21 instead of North of the Northwest corner of lot 21 to correspond with Canal or Hampton Street that continued along the North line of lot 21 until it was closed; that changing the location of Canal or Lassiter Street West of Sweet Briar Street and closing other streets and also closing what was Canal or Hampton Street along the North line of complainant's said lot 21 has deprived the complainant of the use and advantages of the street and has injured the value of lot 21 and depreciated the value and conveniences of the property for the uses to which it was intended to be devoted when it was purchased before the attempted destruction and with reference to the plat of the sub-division and on the faith that the dedicated streets would remain public highways.

The allegations of the bill of complaint as to special and peculiar injury clearly give the complainant a right to equitable relief against Thomas for obstructing streets

without legal authority when he attempts to do so, it being apparent that the remedy at law for damages is inadequate.    Brown v. Florida Chautauqua Ass'n, 59 Fla. 447, 52 South. Rep. 802; Robbins v. White, 52 Fla. 613, 42 South. Rep. 841; Florida E. C. R. Co. v. Worley, 49 Fla. 297, 38 South. Rep. 618; Elliott on Roads and Streets (2nd. Ed.) Sec. 665.

Whether the complainant has a remedy against a relocation of a street by a City is not considered on this appeal taken solely from the order overruling the demurrer of Thomas to the bill of complaint.

The order appealed from is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.