W. B. OGDEN, *Appellant,* v. J. C. BAILE, *et al., Appellees*

### Opinion Filed April 20, 1915.

1. Where a temporary injunction has been granted by a Court Commissioner, without notice to the defendant, and the same is dissolved by the court, after argument by the respective counsel, and an appeal is taken from such interlocutory order, it is incumbent upon the appellant to make it clearly appear to the appellate court that there has been an abuse of judicial discretion, every presumption being in favor of the correctness of the ruling of the court below.

2. Where application is made to dissolve a temporary injunction upon bill, answer and affidavits filed by the respective parties, the chancellor must be governed by the weight of the evidence, and unless it clearly appears that the ruling upon such motion is against the weight of the evidence it will not be reversed on appeal.

3. Where the answer avers matters that grow out of and are connected with the transactions alleged in the bill of complaint, they may be sufficiently responsive to make the dissolution of an injunction depend upon the weight of the evidence under the statute.

Appeal from Circuit Court for Dade County; M. F. Horne, Judge.

Order affirmed.

*Atkinson, Gramlin & Burdine,* for Appellants;

*Shutts, Smith & Bowen, A. J. Rose* and *R. H. Seymour,* for Appellees.

WHITFIELD, J.—Appellant brought suit to restrain Baile from disposing of certain notes and mortgages

belonging to the appellant that are in the possession of Baile, and to require an accounting from Baile. A receiver was also asked for. A temporary injunction was granted by a court commissioner, an answer was filed, and the injunction was dissolved by the chancellor upon a consideration of the bill, answer and affidavits. Complainant appealed from the order dissolving the injunction and refusing a receiver.

The bill of complaint alleges that on May 11th, 1914, Ogden was the owner of certain described promissory notes and mortgages; that Baile has acted as Ogden's agent in the county; that Baile having secured the key to Ogden's deposit box in a bank withdrew the said notes and mortgages therefrom and has failed and refused to deliver the same to Ogden; that Baile has failed and refused to account for all of the money received on account of the notes; that while complainant did not authorize Baile to take the notes and mortgages from the safety deposit box, yet complainant knew in a.general way that Baile had said notes and mortgages in his posession, and was collecting the interest thereon; that complainant fears that Baile will sell, transfer, assign, hypothecate or otherwise dispose of said notes and mortgages. By answer the defendant Baile denies that on May 11, 1914, Ogden was the owner of the notes and mortgages, "and avers on the contrary that the said notes and mortgages had been duly endorsed by the complainant to this defendant in trust, and that at the time alleged in said paragraph and for a long time prior thereto, this defendant had been in possession of said notes and mortgages by virtue of said trust and had been carrying out the terms of said trust in accordance with his instructions, and defendant denies that the complainant was entitled to the possession of

said notes and mortgages at the time of the filing of this bill, or at any time since the filing of said bill"; "that the said notes and said mortgages were duly transferred by endorsement to this defendant by the complainant in trust for the following purposes: To be held in trust by the defendant, to collect interest therein and to pay to one Georgiana Carhart the sum of Twelve Hundred Dollars ($1200.00) per annum so long as she might live and remain dependent, and that at her death or her ceasing to be dependent, the whole of said securities or their equivalent in cash or other securities should be returned to the complainant; that said transfer to this defendant in trust was made for a good and valuable consideration, passing from said Georgiana Carhart to the complainant for services rendered as housekeeper for the complainant for more than twelve years last past, and that this defendant accepted said trust by direction of the said complainant and *cestui que* trust, and that he is now performing said trust in accordance with its terms; that the creation of said trust was the voluntary act of the complainant, and the complainant himself selected the securities that he desired this defendant to hold, and he, the complainant himself selected the securities that he desired this defendant to hold, and he, the complainant, endorsed and delivered to this defendant the particular securities now held by the defendant." "Defendant denies that the complainant has any interest in said notes and mortgages except a contingent interest and based upon the death of the *cestui que* trust or her ceasing to be dependent, and until such contingency becomes certain, the complainant is not entitled to the possession of said notes or said mortgages, or any income derived therefrom, except the amount that may be in excess of $1200.00 per annum;

defendant denies that he will sell or dispose of or hypothecate said notes and mortgages other than in the performance of his trust as he is authoried to do, and denies that any injury or loss will accrue to the complainant." Attached to the answer is a letter written by Ogden to Baile which tends to support the averment of a trust as set up in the answer.

Where a temporary injunction has been granted by a court commissioner, without notice to the defendant, and the same is dissolved by the court, after argument by the respective counsel, and an appeal is taken from such inter locutory order, it is incumbent upon the appellant to make it clearly appear to the appellate court that there has been an abuse of judicial discretion, every presumption being in favor of the correctness of the ruling of the court below.  Builders Supply Co. v. Acton, 56 Fla. 756, 47 South. Rep. 822.

Where application is made to dissolve a temporary injunction upon bill, answer and affidavits filed by the respective parties, the chancellor must be governed by the weight of the evidence, and unless it clearly appears that the ruling upon such motion is against the weight of the evidence, it will not be reversed on appeal.  Baya v. Town of Lake City, 44 Fla. 491, 33 South. Rep. 400.

In effect the answer denies the relation of principal and agent alleged in the bill of complaint as to the property in controversy, and avers facts that grow out of and are connected with the transaction alleged in the bill.  These averments may, under the circumstances of the case, be regarded as sufficiently responsive to the bill so that the chancellor in dissolving or refusing to dissolve the injunction shall be governed by the weight of the evidence under

the statute. Sec. 1916 Gen. Stats. of 1906; Shaw v. Palmer, 54 Fla. 490, 44 South. Rep. 953; Campbell v. White, 39 Fla. 745, 23 South. Rep. 555; Godwin v. Phifer, 51 Fla. 441, 41 South Rep. 597; Fuller v. Cason, 26 Fla. 476, 7 South. Rep. 870; Richardson v. Kittlewell, 45 Fla. 551, 33 South. Rep. 984.

While the complainant may be entitled to an accounting, there was no error in dissolving the preliminary injunction pending a further hearing of the cause. The question of appointing a receiver is remitted to the Circuit Judge. Hayden v. Thrasher, 20 Fla. 715.

Order affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.