CARROLL, DONALD, Judge
(specially ■concurring).
I concur that the order appealed from should be affirmed for the reasons stated in the latter portion of the majority opinion, but I cannot agree that the Chancellor was right in holding that the plaintiffs are not the proper parties to bring the suit. The •amended complaint alleges that the plaintiffs, eighty-one in number, constitute the large majority of the landowners and residents of the Mulat, Florida, area, a small community on Escambia Bay, about five or six miles southwest of Milton, Florida; that for many decades the road in question has run from the Mulat community northwesterly to connect with U. S. Highway 90, the connecting highway between Milton and Pensacola, in Escambia County, Florida; that many of the plaintiffs work in Pensacola and/or Escambia County and it was necessary for them daily to travel upon such road in order to get to their work; that the plaintiffs have invested many thousands of dollars in their homes and other properties in the Mulat community, and that their values will be diminished by the closing of the road. The Florida Supreme Court held in Brown v. Florida Chautauqua Association, 59 Fla. 447, 52 So. 802, 803: “Any person whose property rights are specially injured by an unlawful obstruction in a public highway may have the aid of a court of equity in removing the obstruction when the remedy at law is inadequate.” I think that the required special injury has been shown here. I do not think it is realistic or correct to say that the plaintiffs here are improper parties for failing to show some special injury differing in kind from that sustained by the community at large, especially where, as here, the eighty-one plaintiffs constitute the large majority of the residents and landowners of the community.