115 So.2d 442 (1959)
CURTIS POOLS, INC., a Florida corporation, Appellant,
v.
George L. FULTON, Appellee.
No. 1447.
District Court of Appeal of Florida. Second District.
November 4, 1959.
*443 W.H. Carmine, Jr., Fort Myers, for appellant.
Julian D. Clarkson; Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee.
ALLEN, Chief Judge.
The appellant was the plaintiff and the appellee was the defendant in the lower court.
A complaint was filed against the defendant seeking a temporary and permanent injunction against him for an alleged violation of a contract not to compete entered into between the parties. A temporary injunction was issued without notice restraining the defendant from competing, discussing any matters pertaining to plaintiff's business, or doing any act harmful or derogatory to plaintiff.
A motion was filed by the defendant to dissolve the temporary injunction. After two days of personally hearing the evidence, the lower court entered an order dissolving the temporary injunction.
The plaintiff is a Florida corporation engaged in the construction of gunite-type swimming pools. The defendant below, George L. Fulton, was employed as general manager and was elected vice-president and a director.
The defendant, at a meeting of the board of directors of the plaintiff corporation, was asked to resign from his positions and, upon his refusal to do so, his employment was terminated.
Included in the contract between the parties is the following:
"7. For and in consideration of the above and foregoing, Second Parties covenant and agree with First Party that in the event any of them terminate their services with First Party, they will not compete in any manner with First Party in any of its *444 activities in Lee, Collier, Hendry or Charlotte Counties, Florida, for a period of five years from the date of such termination, nor will they discuss or disclose any matters pertaining to First Party and will not do any act or thing that will be harmful or derogatory to First Party."
The granting or denying of a temporary injunction is within the sound discretion of the trial judge. It is incumbent upon the appellant to make it correctly appear on appeal that there has been abuse of judicial discretion, every presumption being in the favor of the correctness of the court below. This is peculiarly so where an injunction has been granted without notice to the defendant and upon testimony taken personally before the lower court, the appellant has the burden of overcoming a strong presumption of the correctness of the lower court's ruling. See Ogden v. Baile, 69 Fla. 458, 68 So. 671; Dade Enterprises, Inc. v. Wometco Theatres, Inc., 119 Fla. 70, 160 So. 209; and Stirling Music Co. v. Feilbach, Fla.App. 1958, 100 So.2d 75.
It appears from the briefs and the contract in question that one of the issues that may be involved in this case on final hearing is the meaning of whether the word "terminate" above quoted in paragraph 7 of the contract, applies to the defendant since the termination was not a voluntary action but was caused by the action of the plaintiff. The lower court did not pass on this question and it was unnecessary for him to do so in view of the fact that he thought, under the evidence adduced on the motion to dissolve the injunction, that it should be granted.
The appellant in this case had the burden of showing from the evidence taken below that the injunction should not have been dissolved. It also had the duty to comply with Rule 4.2(d), Florida Appellate Rules, 31 F.S.A. relating to interlocutory appeals. This rule provides:
"No record on appeal shall be required or permitted other than certified copies of the appeal papers and the judgment or order appealed from. The appendices shall contain full copies of all pleadings and other parts of the record needed to determine the appeal."
The appendix of appellant's brief did not contain any of the testimony taken before the lower court, although there was filed a transcript of testimony containing 168 pages. This rule makes it the duty of the appellant to point out and place in the appendix the testimony that is necessary for the court to read rather than file a complete transcript of the testimony.
The order appealed from is affirmed.
SHANNON, J., and SMITH, CULVER, Associate Judge, concur.