ROBERT WELBORN, *Appellant,* v. LEWIS W. PIERCE AND MABEL E. PIERCE AND ALL UNKNOWN PERSFNS CLAIMING INTEREST IN THE SUBJECT MATTER OF THIS SUIT, *Appellees.*

Opinion Filed May 10, 1918.

1. "That the complainant is the owner in fee simple" is a sufficient allegation as to the title of the complainant in a suit to remove cloud upon title.

2. It being incumbent upon the complainant to allege in his bill, every fact clearly and definitely, that is necessary to entitle him to relief, it was necessary then that the complainant in this cause should, in addition to the allegation that he is the owner in fee simple of the land involved, have also by proper allegations described the interests of the respondents setting forth their nature and in what way the alleged interests constitute clouds upon his title.

3. If the complainant did not know the nature of the alleged interests, and failed upon diligent effort to ascertain the same, then he should, in addition to the allegation "that the exact nature of the interest, or interests, is to your orator unknown" have also alleged what effort and search he had made to learn the same, and should have prayed for a discovery by the defendants named, of the nature and character of such interest, or interests, claimed.

4. A bill of complaint brought to quiet, or remove, cloud from title to real estate against unknown defendant, should so describe the alleged cloud, and show by clear and definite allegations its invalidity as to advise the unknown defendants of the nature of the case they are called upon to meet, and that the court may know what decree to render supposing the bill to be true.

Appeal from Circuit Court for Dade County, H. Pierre Branning, Judge.

Order affirmed.

*James M. Carson and Carson & Pine,* for Appellant;

*Hudson, Wolfe & Cason,* for Appellees.

CAMPBELL, Circuit Judge.—The appellant, in this opinion referred to as the complainant, on the 10th day of

June, 1916, filed a Bill in Equity in the Circuit Court of Dade County, Florida, against Lewis W. Pierce and Mabel E. Pierce and all unknown parties having, or claiming to have, an interest in the subject matter of this suit, respondents.

The Bill alleges "that the complainant is the owner in fee simple of the following described lands in Dade County, Florida, to-wit:

"Lot Eighteen in Block Seven; Lot Nine of Block Twenty-seven and all of Block Thirty-five, except Lots One, Two, Ten and Eleven, all of said property being a part of Pierce's Sub-division of Lemon City, in said County and State.

"That the said land is wild, uncultivated, unimproved and unoccupied and is not, nor is any of it, in the possession of any person, or persons.

"That the said defendants and each of them claim some interest in the said property the exact nature of the interest, or interests, being to the complainant unknown, but that the interests claimed constitute clouds upon the title of the complainant and that complainant's title ought to be quieted and the clouds removed.

"That the complainant believes that there is a person, or persons, claiming to have some interest in the said property, which property is involved in the suit, whose name, or names, is unknown to the complainant."

The prayer of the Bill, except so much as prays for process, is, "That an attorney learned in the law be appointed as guardian for the absent unknown defendants and that the title of said property be quieted and be declared to be in the complainant."

On October 10th, 1916, the Respondents Lewis W. Pierce and Mabel E. Pierce answered the Bill of Complaint disclaiming any interest whatever in the property

described in the Bill and alleging that they had prior to the filing of the Bill sold and conveyed all their interest in the property.

On the same day, namely, October 10th, 1916, the appellees herein, Jefferson B. Browne and James R. Reid each filed his appearance claiming to have some interest in the subject matter of the suit and asking to be made a party. These respondents demurred to the Bill of Complaint on the same date stating as a ground for demurrer:

"That the complainant has not in and by his said Bill of Complaint made, or stated, such a case as ought to entitle him to the relief prayed for from, or against these defendants in that the said Bill does not state, or sufficiently show, the character, or nature, of the claims which are alleged to constitute clouds upon the alleged title of the complainant, and does not state that the complainant has used due diligence to ascertain the nature of said claims."

On October 30th, 1916, the demurrer coming on for hearing was sustained by the Court below and from the decree sustaining the demurrer this appeal is taken.

The only error assigned is that the Court erred in sustaining the demurrer to the Bill of Complaint.

This bill was filed under the provisions of sec. 1950, General Statutes of Florida, which provides that a Bill in Equity may be brought and prosecuted to a final decree by any person, or corporation, whether in actual possession, or not, claiming title legal, or equitable, to real estate against any person, or corporation, not in actual possession who claims an adverse interest, legal or equitable, therein for the purpose of determining such estate, or interest, and quieting, or removing, clouds from the title of such real estate.

The appellees, who were the demurring respondents,

appeared in the suit in response to notice published in accordance with Sec. 1866, General Statutes of Florida, providing for service upon unknown defendants.

The demurrer questions, 1st, the sufficiency of the allegations of the Bill as to the title of the complainant and, 2nd, the failure to describe and set forth the adverse estate, or interest, alleged in the Bill to be claimed by the defendants and which constitute clouds upon complainant's title. The allegation in the Bill, "That the complainant is the owner in fee simple," etc., is a sufficient allegation as to the title of the complainant in a suit to remove cloud upon title. West Coast Lbr. Co. v. Griffin, 54 Fla. 624, 45 South. Rep. 514.

In determining the second question raised by the demurrer, it is necessary to ascertain for what purpose this Bill was filed. Was it to determine adverse estates, or interests, held by the respondents, or was it to quiet, or remove, clouds from complainant's title? Section 1950, General Statutes, provides for determining adverse estates, or interests, and for quieting, or removing, clouds from the title to real estate. In order to learn the purpose of the Bill, we resort to its allegations and to its prayer. Paragraph three of the Bill of Complaint alleges that the defendants and each of them claim some interest in said property the exact nature of the interest, or interests, being to your orator unknown, but that the said interest, or interests, claimed *constitute clouds* upon the title of your orator and that your orator's's title ought to be *quieted* and the said *clouds removed.*

The prayer of the Bill is that the title of said property be *quited* and be *declared to be in the complainant.*

While the Bill alleges that the exact nature of the interest claimed by the respondents is unknown, yet there is no prayer that the respondents be required to discover the

nature of their respective interests, neither is there a prayer that the said interest of the respective respondents be *determined* by the Court. The purpose then of the Bill was to have the title of complainant's quieted and the alleged clouds removed therefrom.

This Court has held in former decisions that in proceedings to remove cloud upon title the complainant must show with clearness, accuracy and certainty the *validity* of his own title and the *invalidity* of the title of the opposing party. Morgan v. Dunwoody, 66 Fla. 522; Hill v. DeCosta, 65 Fla. 871; Houston v. McKinney, 54 Fla. 600.

It is incumbent upon the complainant to allege in his Bill every fact clearly and definitely that is necessary to entitle him to relief. Durham v. Edwards, 50 Fla. 495, 38 South. Rep. 926; Johnson v. McKinnon, 45 Fla· 388, 34 South. Rep. 272; Stockton v. National Bank of Jacksonville, 45 Fla. 590, 34 South. Rep. 897.

This Court has also held that in an action to quiet title the burden is on the complainant to prove the validity of his own title and the invalidity of the title of defenant. Gasque v. Ball, 65 Fla. 383, 62 South. Rep. 215.

It was necessary then that the complainant in this cause should, in addition to the allegation that he is the owner in fee simple of the lands involved, have also by proper allegations described the interests of the respondents, setting forth their nature and character and in what way the alleged interests constitute clouds upon his title. The complainant alleges the exact nature of the alleged interests is unknown to him but he fails to allege any fact to show that they could not have been known to him by the use of ordinary diligence in seeking to ascertain them·

If the complainant did not know the nature of the alleged interests and failed upon diligent effort to ascertain the same, then he should in addition to the allegation

that the exact nature of the interest, or interests, being to your orator unknown, have also alleged what effort and search he had made to learn the same and should have prayed for a discovery by the defendants named of the nature and character of such interest, or interests claimed.

In this case it is alleged that the complainant believes that there is a person, or persons, having, or claiming to have, some interest, or interests, in the said property whose name, or names, is unknown to him. The interests claimed are alleged to be unknown and the parties alleged as claiming such interests are unknown. How has the complainant learned that there is a cloud? The Bill fails to disclose any reason for the complainant believing that such cloud, or clouds, exists. How from the allegation of the Bill of Complaint could the Court know either the nature of the claim or that there is such a claim, of interests by unknown defendants? Suppose a decree *pro confesso* had been entered as to the unknown defendants and the case had come on for final decree? According to the allegation, of the Bill of Complaint, the complainant, upon whom the burden of proof rested, could not have enlightened the Court as the interest, or interests, claimed by the unknown defendants are alleged to be unknown to the complainant. The Court could not have known whether the complainant was entitled to relief, or not, and therefore could not have granted relief.

A Bill of Complaint brought to quiet, or remove, cloud from title to real estate against unknown defendants should so describe the alleged cloud and show by clear and definite allegations its invalidity as to advise the unknown defendants of the nature of the case they are called upon to meet and that the Court may know what decree to render supposing the Bill to be true.

43—Vol. 75

The counsel for appellant has cited cases from various states in support of the contention that the allegation in paragraph three of the Bill of Complaint as to the interests of the defendants is sufficient. We have examined these cases. They are from states having statutes providing what the Bill shall contain and from Code states providing that Bills in Equity may be brought to determine adverse interests. These cases are expressly decided under the statutory, or code provisions of each state. We do not consider these authorities applicable in the consideration of this case, which, as we have said, is a case to quiet, or remove, cloud from title, as this Court in its past holdings has said what must be shown in such proceedings.

The allegations of the Bill were insufficient. The Court was not in error in sustaining the demurrer to the Bill of Complaint.

The order is affirmed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.

BROWNE, C. J., disqualified.