**JOHN A. KEY v. ALL PERSONS CLAIMING ANY ESTATE, RIGHT, TITLE OR INTEREST IN OR LIEN UPON THE REAL PROPERTY DESCRIBED IN THE BILL OF COMPLAINT IN SAID CAUSE.**

36 So. (2nd) 366                                    June Term, 1948
July 23, 1948                                            En Banc

*Alley, Drew, Burns & Middleton,* for petitioner.

*Ausley, Collins & Truett,* for respondent.

BARNS, J.:

The petitioner seeks review by certiorari of an interlocutory decree quashing service of process by publication.

The proceedings involved here were commenced by the filing of a bill by petitioner and as stated by petitioner the only defendants named were "all parties claiming any estate, right, title or interest in or lien upon the real property herein described, or any part thereof."

The bill partially deraigns plaintiff's title to the land involved and sets forth plaintiff's claim of the fee simple title thereto by reason of continued adverse possession for more than seven years immediately prior to the institution of the suit under color of title. The allegations do not show the assertion or existence, actual, apparent, or potential, of a hostile title or claim. On the contrary, the bill specifically alleges that plaintiff does not know and has never been informed of any other person who claims, or who may claim, any estate, right, title or interest in, or lien upon, the property, or any part thereof, adversely to plaintiff.

The bill was filed and based upon Chapter 24099, Section 1 of which provides:

"Section 1. Quieting Title to Real Property.

"*Any person who claims an estate of inheritance* or for life *in any real property within this state,* or who has conveyed any such real property by warranty deed, whether in the actual or peaceable possession thereof or otherwise, *may bring a proceeding in rem,* in the circuit court of the county wherein such property is situate, or if situate in two or more counties, then in the circuit court of either of said counties, *against all the world for the purpose of establishing his title to said property and to determine all adverse claims thereto, whenever . . .* "

Section 5 of said chapter relates to constructive service and provides:

"Section 5. Constructive Service of Summons.

" (1) The summons, issued as aforesaid, shall be published once each week for four consecutive weeks (four publications being sufficient) in some newspaper (as defined by section 49.03, Florida Statutes, 1941) published in the county where the suit is pending, or if there be no newspaper published in said county and the lands in suit lie in two or more counties, then in any county wherein the said lands lie; and if there be no such newspaper in which to publish the same, the same may be published by posting true copies of said summons in three or more public places within the county, one of which shall be the courthouse door. No order for publication of such summons shall be necessary, nor shall any afidavit therefor be required. Proof of publication of such summons shall be made by uniform affidavit (section 49.04, et seq., Florida Statutes, 1941)."

The notice published was in conformity with Section 5 and in the form prescribed by Section 4, and was as follows:

"John A. Key, Plaintiff,

     v.

All persons claiming any estate, right title or interest in, or lien upon, the real property herein described, or any part thereof, Defendants.

"THE STATE OF FLORIDA

"TO: All persons claiming any estate, right, title or interest in or lien upon, the real property herein described, or any part thereof, Defendants,

"GREETINGS:

"You are hereby notified that a proceeding to quiet title has been brought in the Circuit Court of the Second Judicial Circuit of Florida, in and for Leon County, Florida, against all persons claiming any estate, right, title, or interest in, or lien upon, the following described real property, situate in Leon County, Florida, to-wit:

(Land description)

and you are hereby required to file with the Clerk of said Court your written appearance, personally, (or by attorney) in said proceeding on or before the 16th day of February,

1948, and after to file with said Clerk your written defenses, if any, to the bill of complaint at the times prescribed by law therein setting up the estate, right, title or interest in, or lien upon, the above described property claimed by you. Herein fail not or judgment will be entered against you by default.

"WITNESS my hand and the seal of said Court at Tallahassee, Florida, this 7th day of January, 1948.

(SEAL) "GEO G. CRAWFORD,
As Clerk of the above
styled Court.

"ALLEY, DREW, BURNS & MIDDLETON,
Solicitors for Plaintiff,
West Palm Beach, Florida.
Jan. 8, 15, 22, 29—7373."

Charles S. Ausley, as Guardian Ad Litem, made a Motion to Dismiss the bill and in construing the statute the learned Chancellor held:

"In determining the validity of a statute and particularly when the statute involves due process of law, it is within the power and is the duty of the Court to examine the statute in its practical operation. When constructive service is resorted to, the constitutional requirement of due process of law demands that the substituted service be of such a nature as to be reasonably calculated to give notice of the pendency of the litigation to a reasonably cautious individual owning property within the State, and demands that the nature of the notice given be reasonably likely to bring actual notice of the pendency of the suit to the attention of land owners whose titles may be affected thereby. While the Courts may not arbitrarily substitute their judgment for the judgment of the legislature in matters of this kind, nevertheless it is the duty of the Court to determine whether the notice provided for in the statute meets the minimum requirements of due process of law.

"This Court is of the opinion that the statute in question fails in this respect.

"The statute does not require that the party seeking to quiet title by the procedure there outlined make any investi-

gation or even examine the public records to determine whether any person, and if so, who, has or claims any adverse interest in the property. The statute does not require that the notice of the pendency of the suit contain the names of any person interested even though the Bill may disclose the names of persons claiming an interest in the land. The statute does require a mailing of notice to named defendants if their address is known, but if the addresses of named defendants are unknown there is no requirement of a search or inquiry to ascertain their addresses. The statute ignores the simple expedient, a practical and easy method of imparting notice, of including in the published summons the names of the known defendants. In the opinion of this Court these defects in the statute render it insufficient to provide due process of law to adverse claimants and insufficient to give the Court jurisdiction to make a decree adversely affecting their rights."

And decreed that:

"The bill as filed may constitute a basis for a decree in plaintiff's favor if service is perfected under other statutes. For that reason the bill will not be dismissed. However, it is

"CONSIDERED, ORDERED, ADJUDGED AND DE-CREED by the Court that the attempted constructive service of process in this case under the provisions of Chapter 24099, Laws of Florida, Acts of 1947, is void and such service is hereby quashed and the decree pro confesso entered in this cause is vacated and set aside."

No justiciable issue is presented for the determination of the Court in the case at bar. The plaintiff has been in possession of land under color of title for a longer period of time than is necessary to establish title by adverse possession and no one has ever made any claim adverse to plaintiff or beclouded his title. The proceeding is adversary in nature, yet the bill fails to present such adversary matter as would justify the invoking of the Court's jurisdiction. (See Am. Jur., p. 363—Courts—Sec. 160).

In the case of Tibbetts v. Olson, 91 Fla. 824, 108 So. 679, in considering the constitutionality of constructive service statutes the Court said:

"If a bill of complaint, filed for the purpose of procuring an adjudication as to clouds upon the title alleges sufficient facts to present a justiciable matter to a court of competent jurisdiction, and therein it is shown that the complainant is entitled to an order of publication or notice to appear under the laws of Florida, the provisions of section 1 of Chapter 10102, Acts of 1925, as amended by Senate Bill No. 86, Laws of Florida, approved November 30, 1925, apply, and constructive service of process in such cases may be had . . . "

In the case of Brecht v. Bur-Ne Co., 91 Fla. 345, 108 So. 173, the Court said:

"The bill of complaint must contain sufficient allegations to show a cause of action. The allegations must not only show title in the complaint to the lands in controversy, but relief can be given against it. In such case not only the writing or matter which constitutes the alleged cloud must be shown, but the facts must be alleged which give the claim apparent invalidity."

Again, in the case of McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 51 A.L.R. 731, the Court said:

"Proper allegations being made, a suit under Chapter 11383 will lie against known defendants to quiet against a cloud of a known or an unknown nature; and against unknown defendants to quiet against a cloud of a known nature; but a bill seeking only to quiet a cloud, the nature and existence of which is wholly unknown, as against defendants, who are also wholly unknown, does not present a justiciable matter under this statute in its present form. Such a bill neither advises the unknown defendants of the nature of the case they are called upon to defend, nor the court what decree it shall render, supposing the bill to be true. Welborn v. Pierce, 75 Fla. 667, 78 So. 929."

In the case of Greene v. Uniacke, 46 F. (2nd) 916, the Court said:

"For the bill to be maintainable against unknown defendants, its allegations must show the assertion or existence, actual, apparent or potential, of a hostile title or claim of un-

known defendants, and its apparent invalidity or inferiority to the title of the complainant. A bill seeking only to remove a cloud, the nature and existence of which are wholly unknown, as against defendants who also are wholly unknown, does not present a justiciable matter under the statute. McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 51 A.L.R. 731."

The bill failed to submit for determination a justiciable matter, in that the proceedings purport to be against unknown claimants of unknown claims and the provisions of said chapter relating to constructive service of process against such unknown claimants of unknown claims fall short of the exactions of the "due process" clause of the U. S. Constitution.

The Chancellor did not err in quashing the service of process. The petition for certiorari is denied.

TERRELL, Acting Chief Justice, CHAPMAN, ADAMS and SEBRING, JJ., concur.