TERRELL, Justice.-
Appellants, as complainants, filed their original and amended complaint in the appropriate court praying for declaratory decree to establish a common law dedication as to Lot 11, Miami Avenue Subdivision, according to plat thereof recorded in Plat Book 11, page 13, Public Records of Dade County, Florida. Motion to dismiss and an answer were duly filed, wherein defendants denied that permit for paving N. W. Miami Court and N. W. 56th Street, as alleged in the complaint, was secured from the City of Miami, that conveyances to Lot 11 to successors in title of Dean and King, Inc., were made without exception to reservations and that said conveyances transferred fee simple title to Lot 11 without reservation. Defendants further denied that Dean and King, Inc., by their acts and conduct caused a common law dedication of the paved portion of Lot 11 aforesaid. The answer alleged on the contrary that plaintiff city rejected the attempted dedication and that prior and subsequent to paving said street levied and collected ad valorem taxes thereon in its entirety and that said plaintiff is now estopped from asserting any claim to said lands. Plaintiffs moved for summary final decree supported by affidavits. No counter affidavits were filed. On final hearing the chancellor granted the motion for summary final decree, holding that the city had failed to prove a common law dedication over Lot 11, Miami Avenue Subdivision. This appeal is from the final decree.
*645 The' only point for determination is whether or not a common law dedication by the owners for benefit of the public over Lot 11, Miami Avenue Subdivision, was' shown at the time it. was paved and that such dedication was accepted by the public.
This court is committed to the doctrine that the act of dedication is affirmative in nature and need not be done by formal act but may be done by parol, may result from the conduct of the owner or may be manifested by written grant, affirmative acts or the permissive conduct of the dedicator. City of Miami Beach v. Miami Beach Improvement Company, 153 Fla. 107, 14 So.2d 172. Any act by the owner that shows conclusively an intent to dedicate and an acceptance by the public is sufficient.
It appears (1) that the strip in question was paved; (2) a permit was issued to pave it, the time not shown; (3) one witness testified that at the time of the purchase of certain property contiguous to the property in question, reference was made to a map or plat which showed the strip in question to be a street and that it was paved; (4) there is evidence indicating uses on the part óf the public; (5) there was other evidence on the part of one witness which shows that the president of Dean and King, Inc., “told him personally that he purchased Lot 11 of Miami Avenue Subdivision in order to put a street through same for the purpose of ingress and egress from N. W. Miami Court to North Miami Avenue.”
On the basis of this and other evidence the chancellor found that there was failure to show an intent to dedicate on the part of the owners. Another factor we cannot overlook and that is there was conflict in the evidence which was taken before the chancellor. The fact that appellant imposed and collected ad valorem taxes on Lot 11 before and after the alleged dedication would not necessarily be conelusivé against the city but it certainly would not aid the city's case. Then when the evidence as a whole is considered, we do not think the chancellor should be overruled. There • was ample ■ support. for his judgment. We think the case last cited supports his finding as do the following cases: Roe v. Kendrick, 146 Fla. 119, 200 So. 394; Miller v. Bay-To-Gulf, Inc., 141 Fla. 452, 193 So. 425, and other cases of like character. On authority of these cases, the judgment appealed from is affirmed. ■ ■
Affirmed.
DREW, C. J., and HOBSON and THORNAL, JJ., concur.