SHANNON, Judge.
Grace Parker, appellee, plaintiff below, filed her complaint against M. F. Wyatt and Mary Evelyn Wyatt, his wife, seeking temporary and final injunctive relief against the Wyatts. In his decree, the chancellor granted injunctive relief to the plaintiff and the defendants appealed.
On April 10, 1950, the Wyatts and Grace Parker entered into a contract for the sale of real estate. The transaction was consummated on April 24, 1950, when the Wyatts conveyed to Grace Parker, by warranty deed, the described land. The warranty deed contained the following provision :
“The parties of the first part do hereby grant, bargain, sell and convey in perpetuity to the party of the second part an easement or right-of-way over and across the Southerly five feet of Lot 21, Block ‘A’ of aforesaid Subdivision, and the party of the second part shall have full right and authority to pass and repass over the aforesaid premises, and party of the second part is given the right and authority to erect on said land reserved for easement purposes a stairway not in excess of .three feet; and the party of the second part grants to the parties of the first part the privilege to make sewer connection at their own expense, at the Northeast corner of the first above described premises.”
The property conveyed is twenty feet in width and sixty-eight feet in depth, running East and West, and fronts on Mandalay Boulevard, one of the main thoroughfares on Clearwater Beach. It lies West of and adjacent to the remaining portion of Lot Twenty-one, Block “A”, owned by the Wyatts. Immediately South of the property conveyed by the Wyatts to Grace Parker is a five foot easement,' or right-of-way, granted by the Wyatts to Grace Parker in the warranty deed. There exists upon the property a building which was being used by the plaintiff’s lessee as a restaurant.
The defendant, M. F. Wyatt, testified he lived in close proximity to the property in controversy and that he had made no objection to the plaintiff’s use of the same until on or about July 15, 1959. Mr. Wyatt contended that there existed, on the property in question, three conditions, each of which constituted a violation of the easement agreement. These were: an air conditioner, which protruded over the right-of-way and from which water dripped; a smoke stack attached to the side of the building, which was alleged to have constituted a fire hazard to the Wyatts’ property; and the two rest rooms in the rear of the building, to which access was gained from the outside of the building. The defendant put a barricade across the easement in an attempt to prevent, what he considered, encroachments. After the bill was filed, answer submitted, and testimony taken, the chancellor entered a decree finding, among other things:
“2. * * * That Plaintiff, her heirs, administrators, successors and assigns, is the owner of a permanent and perpetual easement and right-of-
*433 “3. The Plaintiff, Grace Parker, her heirs, administrators, successors and assigns, and her tenants and their servants, agents, employees and patrons and bona fide guests of said Plaintiff or her tenants shall, at all times in the future, have the right to pass and repass over and across the aforesaid 'servient estate.’
* * * * * *
“5. Any air conditioners used by Plaintiff or her tenants shall be kept in such state of maintenance that at no time shall they drip, damage or interfere with the use of said easement, * * *
“6. Both Plaintiff and her tenants and Defendants and their tenants shall, at all times, keep said ‘servient estate’ free and clear of any and all obstructions of any nature or kind that might interfere with the free ingress and egress over and across said easement.”
The plaintiff has moved the air conditioner and changed the smoke stack, and so we do not, at this time, have to consider them. It appears from the briefs and the record that the main item with which we are here concerned is, as expressed in Mr. Wyatt’s contention, the using of the two rest rooms in the back of the building by the public. It might be stated at this point that Mr. Wyatt, as real estate agent, sold the restaurant business to certain tenants of Grace Parker. He made no objection to the rest room, but, in fact, according to the testimony, he encouraged the construction of an additional one. When Grace Parker was testifying she said, among other things :
“Q. Now, when — Has this property always had one rest room ? A. There was one rest room in the building when I bought it.
“Q. Yes? A. During the time when my second tenants, Mary B. AVall and her husband, were operating the business, they wanted an additional rest room installed so they could have a license for handling beer and wine.
“Q. And, was this second rest room added ? A. And, we put in the second rest room. Mr. Wyatt did more on persuading me to put it in than my tenant. He didn’t—
“Q. Mr. Wyatt asked you to put in this rest room? A. He didn’t exactly ask but he approved.
“Q. Why did he approve ? A. He was in there, in the restaurant, when I was talking to my clients about it and I thought the cost of it was too much and wasn’t worth it, and Mr. Wyatt was the main one who convinced me to go ahead and put it in for them. That would be an improvement to my business and to the building.”
Appellant, M. F. Wyatt, does not deny nor contradict the above testimony of the appellee, Grace Parker. On the contrary, Mr. Wyatt admits that he sold the restaurant business to-the last two of appellee’s tenants.
The appellants have posed three questions under which there are subdivisions, but, for the purpose of this appeal, the questions can be answered concisely if they are treated as one, namely: Does the deed create an easement by express grant, and, if so, is there any limitation as to the use of the easement as granted, as to the plaintiff’s tenants, servants, customers, patrons, agents and employees?
In Florida an easement may be created in one of three ways, namely: by express grant, by implication, or by prescription. See Manning v. Hall, Fla.App. 1959, 110 So.2d 424; Canell v. Arcola Housing Corp., Fla.1953, 65 So.2d 849; and Winthrop v. Wadsworth, Fla. 1949, 42 So. 2d 541. It is evident that the easement here under consideration was created by express grant, but appellants’ contention is that there are restrictions in the language creating it, or else there is ambiguity, and they submit several cases in Florida in support of this argument. But the court fails to see that the cases cited by appellants *434 are authority for the proposition that the easement agreement is ambiguous. In one of their cases, for instance, Kotick v. Durrant, 1940, 143 Fla. 386, 196 So. 802, 804, it is said:
“ ‘The determination of the extent and nature of an easement granted or reserved in express terms by deed depends upon a proper construction of the language of the instrument, from an examination of all the material parts thereof, and without consideration of extraneous circumstances where the language is unambiguous.’ ”
A study of the easement involved clearly establishes the following: 1) a conveyance or grant in perpetuity of an easement or right-of-way to party of the second part; 2) exact description and location of said easement; 3) right of Grace Parker to pass and repass over said easement.
Grace Parker testified in this case that before she would buy the property she had to have (and did obtain) this easement.
Since the question of who may use this easement has been raised by the appellants, it is only necessary that we quote from, 28 C.J.S. Easements § 90:
“While a private way may not be used by the public generally or by any one having no better right than the general public, the owner of such a way is not limited to its use by himself, but it may be used by his family, by tenants occupying the land with his authority, by his servants, agents, or employees in conducting his business, by persons transacting business with him, or by guests for social purposes, except in cases where the right-of-way is created by express agreement and the user is restricted by the terms of the agreement. Where a way is appurtenant to an estate, it may be used by those who own or lawfully occupy any part thereof, and by all persons lawfully going to or from such premises, whether they are mentioned in the grant or not. No persons belonging to the classes mentioned are trespassers. * * * ”
There are many cases cited in support of the above quotation. In the case of Tutwiler Coal, Coke & Iron Co. v. Tuvin, 1908, 158 Ala. 657, 48 So. 79, 82, the Supreme Court of Alabama held:
“ ‘Where a way is appurtenant to an estate, it may be used by those who own or lawfully occupy any part thereof and by all persons lawfully going to or from such premises, whether they be mentioned in the grant or not.’ * :|; *»
Since the appellants have failed to make error apparent, the decree appealed from is affirmed.
Affirmed.
ALLEN, C. J., and KANNER, J., concur.