OWEN, Judge.
The City of Melbourne brought a condemnation proceeding against the appellants who in turn counterclaimed for inverse condemnation proceedings on other property which appellants alleged the city had uaken without compensation. The parties stipulated to a consent judgment as to the parcel which the city sought to condemn and thereafted the matter proceeded to a hearing before the court on appellants’ counterclaim for inverse condemnation. The judgment on this issue was adverse to appellants. We find no error in the record and affirm.
Appellants obtained title to their property by a warranty deed from Mrs. Cleoy O. Elliott dated July 11, 1961, which described the property as follows:
“A parcel of land 200 feet square lying in the Southeast corner of the Southeast Quarter (J4) of the Southeast *67 Quarter (%) of Section 28, Township 27 South, Range 37 East.
“Subject to road right of way over that portion of the described land now occupied by Babcock Street, said property will be 200 feet by 170 feet more or less.”
Babcock Street had been paved to a width of 20 feet in 1955 and it was one of the principal north-south streets of the City of Melbourne. The center line corresponded to the section line common to Sections 27 and 28. In August, 1961, appellants had a survey made of their property, the plat of which when furnished to them disclosed an easement across the east 30 feet of the property for a road right-of-way. In October, 1962, appellants obtained from Mrs. Elliott a quit-claim deed describing the property conveyed as follows:
“The East 30 feet of the East 200 Feet of the Southeast % of' Section 28, Township 27 South, Range 37 East, public records of Brevard County, Florida.
“All right, title and interest in and to a parcel of land 200 feet square lying in the Southeast corner of the S.E. % of S.E. %, Section 28, Township 27 South, Range 37 East, along with all rights of way heretofore reserved in a certain deed dated July 11, 1961, filed in Official Record Book 401, page 470, public records of Brevard County, Florida.”
During the year 1964 the City of Melbourne decided to widen Babcock Street. In order to accomplish this, the city sought to condemn the following described property belonging to appellants.
“The West 10 feet of the East '40 feet of the South 200 feet of the Southeast quarter of Section 28, Township 27 South, Range 37 East, lying within Bre-vard County, Florida.”
At that time the city claimed a right-of-way over the easterly 30 feet of appellants’ property and was simply seeking an additional 10 feet to the west [which 10-foot strip was ultimately acquired by consent judgment as above recited]. When appellants answered the condemnation petition and filed their counterclaim, they alleged in substance that they were the owners in fee simple, not only of the ten-foot strip which the city sought to condemn, but also of the 30-foot strip lying between it and the east boundary line of appellants’ property; that the city had recently constructed a paved road on all of the east 40 feet of appellants’ property without having condemned the same or without having paid to appellants just compensation therefor; and that appellants conceded that since Babcock Street had been paved to a width of 20 feet [the west one-half of which lay on the east 10 feet of appellants’ property] and had been maintained by the city as a public street for a period of more than four years, they no longer claimed any interest in the east 10 feet of said property.[1] By their counterclaim, appellants sought an order requiring the city to condemn and pay for that portion of appellants’ property taken by the city which had not been acquired by the city by means of the statutory dedication.
The record contains a substantial volume of testimony taken before the court going to the question of the extent and width to which the roadway had actually been worked during the four-year period required to establish a dedication under F.S. 1967, Section 337.31, F.S.A. While this evidence was in conflict, none of it seemed to establish that the city had worked the roadway to the full width of the 30-foot right-of-way which the city claimed. The statute clearly provides that the dedication is presumed only to the extent in width which has been actually worked for the four-year period and consequently the city failed to prove statutory dedication on the full 30 feet which it was claiming.[2]
However, we do find that there was substantial evidence upon which the court *68 could find that the city had acquired a right-of-way over the east 30 feet of appellants’ property through a common law dedication.
Mrs. Elliott, who was 79 years old at the time of the trial and had lived in the Melbourne area for many years, testified that at one time she owned a considerable amount of property fronting on both sides of Babcock Street, that Babcock Street had been in existence as a road for some time prior to the deed to appellants and had been paved for approximately six years before such conveyance, that the reason for the provision in the deed to appellants making the same subject to road right-of-way over that portion occupied by Babcock Street was because Babcock Street was a road or highway, that she remembered Babcock Street being built across her property, and that she did not recall ever making any objection to such.
In the case of City of Palmetto v. Katsch,[3] in an opinion by Justice Terrell, the court stated:
“The act of dedication is affirmative in character, need not be by formal act or dedication, may be by parol, may result from the conduct of the owner of the lands dedicated, and may be manifested by a written grant, affirmative acts, or permissive conduct of the dedicator. In fact, any manner in which the owner sees fit to indicate a present intention to appropriate his lands to public use meets the requirement of the law.
“The means generally exercised to express one’s purpose or intention to dedicate his lands to the public use are by a (1) written instrument executed for that purpose; (2) filing a plat or map of one’s property designating thereon streets, alleys, parks, etc.; (3) platting one’s lands and selling lots and blocks pursuant to said plat indicating thereon places for parks, streets, public grounds, etc.; (4) recitals in a deed by which the rights of the public are recognized; (5) oral declarations followed by acts consistent therewith, (6) affirmative acts of the owner with reference to his property, such as throwing it open in a town, fencing and designating streets thereon; (7) acquiescence of the owner in the use of his property by the public for public purposes.”
The recital contained in the deed from Mrs. Elliott to appellants, and Mrs. Elliott’s testimony to the effect that the road was constructed over her property many years before without protest on her part was evidence of two of the recognized means by which one may express a purpose or intention to dedicate his land to a public use.
While such a dedication is in reality only an offer to dedicate and requires an acceptance by the public, such acceptance need not be by formal act of the public authorities but may be implied from the latter’s improving or repairing the same, or from any other act with respect to the subject matter that clearly indicates an acceptance.[4]
 Not only can there be an implied acceptance by improving or repairing of the right-of-way, but in contrast to statutory dedication, under F.S.1967, Section 337.31, F.S.A., there can be an acceptance of the full width of the property without improving or repairing the entire amount offered for dedication.[5] Thus, in the case at bar although we find an absence of statutory dedication, the facts before the *69 lower court were sufficient to sustain a common law dedication.
The judgment is affirmed.
REED, J., and DOWNEY, JAMES C., Associate Judge, concur.

. F.S.1967, Section 337.31, F.S.A.

. Broward County v. Bouldin, Fla.App. 1959, 114 So.2d 737.

. City of Palmetto v. Katsch, 1923, 86 Fla. 506, 98 So. 352.

. Kirkland v. City of Tampa, 1918, 75 Fla. 271, 78 So. 17; Indian Rocks Beach South Shore v. Ewell, Fla.1952, 59 So.2d 647; Sebolt v. State Road Department, Fla.App.1965, 176 So.2d 596.

.Indian Rocks Beach South Shore v. Ewell, supra; 23 Am.Jur.2d, Dedication, § 48.