Les W. Burke Bay County Attorney Panama City
QUESTION:
What rights does the public have to a parcel of property shown on a plat filed in 1953 by a development corporation in Bay County and which is labeled `reserved for parking'?
SUMMARY:
Regarding the status of title to, or the rights of the public in, a parcel of property shown on a plat filed in 1953 by a development corporation and which is labeled `reserved for parking,' such property may have been dedicated to public use so long as the governing body, representing the public, can legally establish by competent proof both an intent on the part of the subdivider to dedicate it to public use and its own proper acceptance of the owner/subdivider's offer of dedication. If a dedication has indeed occurred, the public may not be deprived of the use of the subject property without its consent.
From the facts you include in your opinion request, I have constructed the following factual situation upon which your request seems to be based. In 1953 a plat was filed by the Gulf Lagoon Beach Corporation in Bay County. It plats several blocks of property, including one known as Block 17 and consisting of 15 lots, which are platted for commercial purposes and which, according to your letter, now contain a small shopping center. Between this block and a major state highway there is situated a parcel of property labeled `reserved for parking,' which apparently appears on the Bay County tax rolls as exempt property, and no taxes are assessed against it. The plat also contains the following statement signed by the President of Gulf Lagoon Beach Corporation and attested to by its secretary:
 . . . Gulf Lagoon Beach Corp. . . . hereby dedicates streets, roads etc. [sic] for public use and public ways except that all utility and franchise rights remain with the dedicators.
Also filed in 1953 in Bay County was a document entitled Restrictive Covenants, applying by its terms to all the real property described in the plat. It states in part:
 5. No business or store buildings shall be placed or constructed and no business, trade or manufacturing of any sort or nature shall be conducted upon the property herein described, except lots 1 through 15 inclusive in Block 17 . . . . (Emphasis supplied.)
It seems from your letter that the Board of County Commissioners of Bay County has recently become aware that gas pumps, a commercial sign, a fence, and a house have all been placed upon the parcel of land designated on the plat as `reserved for parking.' You specifically inquire as to the status of the rights of the public in the subject parcel. For the purposes of this opinion, I assume that your inquiry concerns the rights of the general public at large and not simply the residential or commercial property owners whose property appears on the plat, since in the latter situation it would be the property owners themselves who must take any legal action to determine or enforce their rights.
Initially, I would point out that this office is not a factfinding body and as such is without the power to adjudicate `the status of title' to real estate. Further, from the facts stated in your inquiry, which I have outlined above, I am unaware of a number of important factors which could be determinative of your question. For instance, I am unaware of how the property or any right therein is being claimed by the persons erecting the commercial sign, gas pumps, fence, and house on the parcel of land designated on the plat as `reserved for parking.' Certainly, if those who have erected such structures on the `reserved' property actually have acquired title or color of title or other interests in or to such property from the original developer of the property, or its successors or assigns, the analysis will be different than if they are adverse users of the property. Neither am I aware of the circumstances surrounding or representations made at the time of the sale and conveyance of the platted properties. In any event, it should be observed that the question of whether the public or the owners of the platted lots have acquired rights in property by dedication or by implied easement is a mixed question of law and fact which must be determined by a court in appropriate adversary proceedings initiated for that purpose. However, the following analysis and discussion of Florida law may prove helpful to you.
A dedication is simply the donating or appropriating of one's own land for use by the public. That is, the owner of dedicated property is precluded from using it in any way inconsistent with the public's use thereof. No finding can be made that a dedication has occurred without an offer, express or implied, by the owner of the property and an acceptance by the public. The owner's intention to dedicate must be clearly indicated by his words or acts. There can be no offer of dedication without the owner's knowledge. This element of intent has been stated by the Supreme Court of Florida to be the `foundation and essence of every dedication.' City of Palmetto v. Katsch, 98 So. 352 (Fla. 1923), cited with approval in City of Hollywood v. Zinkil, 283 So.2d 581
(4 D.C.A. Fla., 1973), and Hollywood, Inc. v. City of Hollywood,321 So.2d 65 (Fla. 1975). However, intent need not be formally manifested and any affirmative act of the owner will suffice to show his intent. For example, one way to dedicate property to public use is by map or plat. It appears that no particular words are required to be upon the plat in order to find that an offer of dedication was made. See, e.g. Florida East Coast Ry. Co. v. Worley, 38 So. 618 (Fla. 1905) and Miami Beach v. Undercliff Realty and Investment Co., 21 So.2d 783 (Fla. 1945).
The plat presently under consideration recites that the developer dedicates to public use, `streets roads etc. [sic]' (Emphasis supplied.) The term `etc.' is generally accepted to mean other things of a type or character which has been specifically named. That is, its meaning depends upon description and enumeration of things previously named or preceding the term, since they describe the kind of subject matter the term includes. Anderson v. Kerr Drilling Co. v. Bruhlmeyer, 115 S.W.2d 1212 (Ct. Civ. App. Tex. 1938); Forman v. Columbia Theater Co., 148 P.2d 951 (Wash. 1944); Wright v. People, 181 P.2d 447 (Colo. 1947). Therefore, in the present context, the term means things like and similar to streets and roads, dedicated `for public use and public ways.' Off-street parking areas designated as `reserved' on a plat would not ordinarily be included in this category, which appears to consist only of through passage or access ways to the platted lots. Cf.,e.g., s. 192.011, F. S., which provides for assessment of all property in a county by the property appraiser, except that `streets, roads, and highways,' dedicated to or otherwise acquired by a governmental unit may be assessed but need not be. While not conclusive for our purposes, the statute does show that thoroughfares and accessways, not including defined off-street parking areas, constitute a category of properties commonly dedicated to public use.
The plat itself labels the subject property `reserved for parking.' It may be stated as a general proposition that a reservation made on a plat for a specified purpose implies a reservation for the private use of the owner. Cf. City of Jacksonville v. Shaffer, 144 So. 888, 890-891 (Fla. 1932), and Powers v. Scobie, 60 So.2d 738, 739 (Fla. 1952). However, this is not always the case and particularly where a developer is concerned, the reservation may constitute an implied easement for the private use of the purchasers of the platted residential lots in the subdivision; cf. Feig v. Graves, 100 So.2d 192, 195 (2 D.C.A. Fla., 1958); it may be a reservation for the public at large or perhaps an easement for the benefit of customers parking at the commercial establishments provided for on the plat was intended. I am unable to make a determination about this from the facts before me, and as hereinbefore noted, I am not a factfinder or an adjudicator. See, generally, 10 Fla. Jur. Dedication ss. 26 and 27 and AGO 061-179. Cf. East Coast Ry. Co. v. Worley, supra; Reiger v. Anchor Post Products, Inc., 210 So.2d 283 (3 D.C.A. Fla. 1968); and Murrell v. U.S., 269 F.2d 458 (5th Cir. 1959).
Your letter also points out that no taxes are assessed against the parcel in question. It has been held, when an alleged dedication to the public is challenged, that the fact that no taxes are assessed against the property in dispute is evidence tending to show a dedication and its acceptance by the public. See U.S. v. 936.71 Acres of Land, 418 F.2d 551 (5th Cir. 1969); Cf. Miami v. Jansik, 89 So.2d 644 (Fla. 1956); also see 26 C.J.S. Dedications
s. 40. (7); but see Ocean Nav. Co. et al. v. Town of Palm Beach,152 So. 853, 856 (Fla. 1934), which states that the mere fact that the land has not been taxed does not deprive its owners of legal rights therein. However, tax assessment is but one of a number of factors a court considers in determining the public's rights velnon in the property, and the fact that it is not on the tax rolls is not conclusive. If the property were found to be subject to easement rights in the commercial property owners for customer use or in the adjoining residential owners and purchasers of the platted property, but not in the public at large, then it, by law, should be on the tax rolls and is subject to ad valorem taxation regardless of whether it in fact appears thereon. See AGO's 074-346, 073-257, and 061-111. Cf. Homer v. Dadeland Shopping Center, Inc., 229 So.2d 834 (Fla. 1969); see also Department of Revenue v. Morgenwoods Greentrees, Inc., 341 So.2d 756 (Fla. 1956), and McNayr v. Claughton, 198 So.2d 336 (3 D.C.A. Fla., 1967).
The second crucial element of a dedication is the acceptance, express or implied, of the owner's offer by the public. City of Miami Beach v. Miami Beach Improvement Co., 14 So.2d 172 (Fla. 1943). It is this act or acceptance that makes the dedication complete. The offer to dedicate may be revoked prior to acceptance, but it has been said that once acceptance is shown, the dedication operates in the manner of an estoppel in pais and the public, so long as it uses the land for the purpose of the dedication, may not be deprived of its use. Mainor v. Hobbie,218 So.2d 203 (1 D.C.A. Fla., 1969).
Acceptance of the dedication on behalf of the public may be made by persons competent and authorized to act for the public. Your letter provides no indication of formal acceptance of the original subdivider's offer to dedicate, assuming there was such an offer in this instance. However, acceptance as well as the offer of dedication may be implied either by an act of a public body or by use by the public. Smith v. City of Melbourne, 211 So.2d 66 (4 D.C.A. Fla., 1968); Sebolt v. State Road Department, 176 So.2d 590
(1 D.C.A. Fla., 1965); Waterman v. Smith, 94 So.2d 186 (Fla. 1952). If use by the public is considered to show the requisite intent to dedicate the property and the public's acceptance of the dedication, it is to be stressed that this use need not be hostile or adverse to the interest of the owner. In fact, because the owner's intent to dedicate is paramount, a dedication presupposes public use consistent with the owner's interest and with his knowledge and consent. Though the public may use the property for an extended period of time, there can be no dedication unless it clearly appears that the owner knows of such use in order to give rise to the presumption that he intended to dedicate the property.See, generally, 23 Am. Jur.2d Dedications s. 28. It is not stated specifically in your inquiry whether the public at large has in fact used the subject parcel for parking over the years or for what purposes. However, since the plat itself appears somewhat ambiguous concerning the restriction or the reservation of the parcel or the use thereof, the actual use of the property and the purposes for such use and any representations made by the subdivider in connection with the sale and conveyance of the platted properties or subsequent instruments conveying or granting rights in the property or to the use thereof would bear on the determination of the question. The burden of proof is on the party claiming the dedication; accordingly, the county commission, asserting in court the public's right to use the parcel reserved for parking (or, the private residential owners of the platted property asserting in court their private rights to use it), would be required to prove by `clear, satisfactory and unequivocal evidence' both the intent to dedicate land to the public and public acceptance thereof. Pocock v. Town of Medley, 89 So.2d 162
(Fla. 1956); City of Miami Beach v. Miami Beach Improvement Co.,supra; City of Miami v. Fla. East Coast Rwy. Co., 84 So.2d 726
(Fla. 1920); Bishop v. Nussbaum, 175 So.2d 321 (2 D.C.A. Fla. 1965).
A concept similar to dedication is that of grants of private use by easement. It is necessary to consider the concept, even though your question concerns public rights in the property, since the creation of an easement in the adjoining commercial or residential lot purchasers would clearly affect the public's interest vel non. An easement is a privilege in the owner of a tenement to enjoy in or over that of another, who is obligated not to use his land so as to interfere with such use. An easement may be created by express grant, by prescription, or by implication. Cannell v. Arcola Housing Corp., 65 So.2d 849 (Fla. 1953); Wyatt v. Parker,128 So.2d 431 (2 D.C.A. Fla., 1961). The easement rights of abutting or adjacent purchasers of platted lots in the subdivision do not depend upon dedication principles, but on a private easement implied from sales with reference to a plat showing streets, parks, or other areas subject to the purchasers' use or enjoyment and such easements are vested or perfected in the grantees immediately upon conveyance; such rights are determined on the basis of private property interests as opposed to public dedications. Burnham v. Davis Islands, Inc., 87 So.2d 97 (Fla. 1956); Reiger v. Anchor Post Products, Inc., 210 So.2d 283 (3 D.C.A. Fla., 1968). Whether there was an easement granted to the commercial or the residential lot owners in the instant situation or whether a reservation was made for the benefit of the customers of the commercial property owners is, as noted, up to a court of competent jurisdiction to determine on the basis of properly proven facts. It may be stated, however, that an implied easement may arise in the owners of platted lots by virtue of designation on the plat. See, e.g., Wilson v. Dunlap, 101 So.2d 801 (Fla. 1958); McCorquodale v. Kayton, 63 So.2d 906 (Fla. 1953). If this is the case in the instant situation, then it may well be that the general public has no rights in or to the use of the property at all and any rights in the lot owners would have to be determined in a suit properly brought by them. (Compare the elements of and principles of law applicable to an easement appurtenant and an easement in gross. An easement of the latter type is personal to the property owners and more in the nature of a license than a property interest. Burdine v. Sewell, 109 So. 648 [Fla. 1926].)
Therefore, if it can be established by competent proof that there has been an offer of dedication to the public (as opposed to an easement created in the platted low owners) and that the offer of dedication has been properly accepted, and that the public has parking rights in the `dedicated' or `reserved' property, the county commission or a private citizen with a special injury resulting from the presence of the obstructions complained of has the requisite standing to sue to remove them. Otherwise, if there is an easement in the platted property owners, the general public has no rights in the property and such owners must seek any legal remedies that may be available to them.
Prepared by: Frank A. Vickory, Assistant Attorney General